**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**LUPE B. CARRASCO**,

      Plaintiff,

v.                                                                                   No. 10-cv-999-MCA-WPL

**NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS, ET AL.**,

      Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendants' Motion to Dismiss and Memorandum In Support of Motion to Dismiss*, filed on May 27, 2011. [Doc. 14] Having considered the submissions of the parties, the relevant case law, and otherwise being fully advised in the premises, the Court denies Defendants' motion and grants Plaintiff twenty one (21) days to effect proper service in accordance with Fed. R. Civ. P. 4(e) and (j)(2).

**I.     BACKGROUND**

On October 21, 2010, the *pro se* Plaintiff filed her *Complaint for Damages from Employment Discrimination and Retaliation (Workplace Harassment, Sexual Harassment and Wrongful Termination of Employment) and for Violation of Civil Rights Under Color of State Law* against Defendants the New Mexico Department of Workforce Solutions (NMDWS), the State of New Mexico, Jerry Ingram (both individually and in his official capacity as Area Director of the [NMDWS]), and "those Certain and Specific Accomplices,

John and/or Jane Doe's, 1 through 100, Inclusive, who acted in concert and/or combination, in conspiracy and/or complicity with any and/or all of the other Defendants herein." [Doc. 1] On February 23, 2011, Magistrate Judge Carmen E. Garza issued an *Order to Show Cause* why Plaintiff's complaint should not be dismissed pursuant to Fed. R. Civ. P. 4(m), which requires "service of the summons and complaint . . . within 120 days after the filing of the complaint." Fed. R. Civ. P. 4(m). On March 8, 2011, Plaintiff filed *Plaintiff's Motion for Extension In Response to Order to Show Cause*, in which she stated that she "fully intends to properly serve summons and complaint, upon the Defendants herein, during this month of March, 2011." [Doc. 5] Magistrate Judge Garza granted Plaintiff's motion and gave her "until the end of March, 2011, to effect proper service of the summons and complaint upon all Defendants in this case." [Doc. 6]

On April 20, 2011, Defendants the NMDWS, Ingram, and Eddie Beagles, Area Director and Bureau Chief of the NMDWS, filed an *Answer to Complaint for Damages for Employment Discrimination and Retaliation for Violation of Civil Rights Under Color of State Law*. [Doc. 8] In their answer, Defendants alleged that "[s]ervice of process was and is insufficient and the answering Defendants have not been properly served." [Doc. 8 at 15]

On May 10, 2011, Plaintiff filed *Plaintiff's Notice of Perfected Service*. [Doc. 13] Plaintiff stated that "[p]ursuant to the Order issued by August 5, 2011 the Honorable Carmen E. Garza, the Defendants herein, the State of New Mexico, the [NMDWS], . . . and Eddie Beagles, were timely served with a Summons and a copy of the Plaintiff's Complaint, on 3-31-11, telephonically and personally, in Alamogordo, N.M., at the offices of the NMDWS."

[Doc. 13 at 1] In support of her notice, Plaintiff submitted the *Affidavit of Jay C. King*, in which King averred the following:

> 2. I personally served a copy of the Summons and the Plaintiff's Complaint, upon Lupe Martinez, at the [NMDWS] . . . on 3-31-11.
> 3. Ms. Martinez was the most senior employee at the NMDWS, in Alamogordo, N.M., on 3-31-11, at approximately 12:00pm, when served.
> 4. Ms. Martinez refused to accept service of process, on 3-31-11, when served, stating that the NMDWS had to be served according to NMDWS protocol.
> 5. I asked to be placed in contact with Ms. Martinez' supervisor, and she telephoned Connie Leyva, Bureau Chief, Transition Services Bureau, NMDWS.
> 6. I spoke to Ms. Leyva, telephonically, and she accepted service of process, for all Defendants, on 3-31-11.

[Doc. 13 at 3-5]

On May 27, 2011, Defendants filed *Defendants' Motion to Dismiss and Memorandum In Support of Motion to Dismiss*. [Doc. 14] Defendants contend that Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(5) because service of process was insufficient under Fed. R. Civ. P. 4 and Rule 1-004 NMRA. Plaintiff responds that service of process was sufficient under Rule 1-004 NMRA, in relevant part, because Connie Leyva, "the head" of the NMDWS, "accepted service for all Defendants herein." [Doc. 19 at 2]

## II. DISCUSSION

"[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C.Cir. 1987) (Internal quotation

3

marks and citation omitted). "Pro se litigants are allowed more latitude than litigants represented by counsel to correct defects in service of process and pleadings." Moore v. Agency for Int'l Dev., 994 F.2d 874, 876 (D.C.Cir. 1993). "District courts do not need to provide detailed guidance to pro se litigants but should supply minimal notice of the consequences of not complying with procedural rules." Id. "The assistance provided by the district courts, however, does not constitute a license for a plaintiff filing pro se to ignore the Federal Rules of Civil Procedure." Id. (Internal quotation marks and citation omitted).

Upon a showing of insufficient service of process, Rule 12(b)(5) of the Federal Rules of Civil Procedure provides district courts with the authority to either dismiss the complaint or to quash the service and require the plaintiff to re-attempt service of process. See Sampath v. Concurrent Techs. Corp., 227 F.R.D. 399, 401 (W.D. Pa. 2005). Quashing insufficient service is generally the preferred course of action where there is a reasonable prospect that the defendant can be properly served with sufficient process in a second attempt. See Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (10th Cir. 1983); Umbenhauer v. Woog, 969 F.2d 25, 30-31 (3d Cir.1992).

Fed. R. Civ. P. 4(j)(2)(A) provides that "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2)(A). Governor Susana Martinez is the chief executive officer of the State of New Mexico and Cabinet Secretary Celina Bussey is the chief executive officer of the

NMDWS.[1]  See N.M. Const. art. 5, § 4; NMSA 1978, § 9-26-5(A) (2007).  Plaintiff did not serve a copy of the complaint and summons on either Governor Martinez or Secretary Bussey and, therefore, service of process was insufficient under Rule 4(j)(2)(A).

However, Fed. R. Civ. P. 4(j)(2)(B) permits service of process on "[a] state, a municipal corporation, or any other state-created governmental organization that is subject to suit" by serving a copy of the summons and of the complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Fed. R. Civ. P. 4(j)(2)(B).  Rule 1-004(H) NMRA provides as follows:

> (1) Service may be made upon the State of New Mexico or a political subdivision of the state;
>> (a) in any action in which the state is named a party defendant, by delivering a copy of the process to the governor and the attorney general;
>> (b) in any action in which a branch, agency, bureau, department, commission or institution of the state is named a party defendant, by delivering a copy of the process to the head of the branch, agency, bureau, department, commission or institution and to the attorney general;
>> © in any action in which an officer, official, or employee of the state or one of its branches, agencies, bureaus, departments, commissions or institutions is named a party defendant, by delivering a copy of the process to the officer, official or employee and to the attorney general;
>> * * *
>> (e) service of process on the governor, attorney general, agency, bureau, department, commission or institution may be

---

[1] Plaintiff contends that "[t]here was no sworn Cabinet Secretary on March 31, 20111, as Celina Bussey was not sworn in as Cabinet Secretary March 31, 2011, and evidently still not sworn as of" July 2011. [Doc. 22 at 2]  Regardless of whether she was sworn, Celina Bussey was the "chief executive and administrative officer" of the NMDWS on March 31, 2011 and, therefore, she had "all the duties, responsibilities and authority assigned by law to that office." NMSA 1978, § 9-26-5 (2007).

>made either by serving a copy of the process to the governor, attorney general or the chief operating officer of an entity listed in this subparagraph or to the receptionist of the state officer. A cabinet secretary, a department, bureau, agency of commission director or an executive secretary shall be considered as the chief operating officer;
>
> * * *
>
>(2) Service may be made on a person or entity described in Subparagraph (1) of this paragraph by mail or commercial courier service in the manner provided in Subparagraph (3) of Paragraph E of this rule.[2]

Rule 1-004(H) NMRA. Service of process was insufficient on: (1) the State because Plaintiff did not deliver a copy of the process to the governor and the attorney general,[3] see Rule 1-004(H)(1)(a) NMRA, (2) the NMDWS because Plaintiff did not deliver a copy of the process to Secretary Bussey and the attorney general, see Rule 1-004(H)(1)(b) NMRA, and (3) Ingram and Beagles, acting in their official capacities, because Plaintiff did not deliver a copy of the process to Ingram, Beagles, and the attorney general. See Rule 1-004(H)(1)© NMRA.

---

[2] Rule 1-004(E)(3) NMRA provides as follows:
Service may be made by mail or commercial courier service provided that the envelope is addressed to the named defendant and further provided that the defendant or a person authorized by appointment, by law or by this rule to accept service of process upon the defendant signs a receipt for the envelope or package containing the summons and complaint, writ or other process. Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this subparagraph. For purposes of this rule "signs" includes the electronic representation of a signature.

[3] Plaintiff contends that Rule 1.004(H)(1)(a) "refer[s] exclusively to Service by Publication, and same is in no way [relevant] or germain[e] to this case, whatsoever" [Doc. 22 at 3] However, Rule 1.004(H) plainly pertains to service upon the state and its political subdivisions, whereas Rule 1.004(K) is the provision that governs service by publication. See Rule 1.004(K) NMRA.

The Court next addresses whether individual service of process on Ingram and Beagles was sufficient under Fed. R. Civ. P. 4(e)(2), which provides, in relevant part, that an individual may be served by doing any of the following:

>    (A)    delivering a copy of the summons and of the complaint to the individual personally;
>    (B)    leaving a copy of the each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who reside there; or
>    (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). Neither Ingram nor Beagles were served personally, at their dwellings or usual places of abode, or by an agent authorized or appointed to receive service of process and, therefore, service of process was insufficient under Fed. R. Civ. P. (4)(e)(2).

However, Fed. R. Civ. P. 4(e)(1) provides that an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Rule 1-004(F) NMRA provides as follows:

>    Personal service of process shall be made upon an individual by delivering a copy of a summons and complaint or other process:
>    (1)
>        (a)    to the individual personally; or if the individual refuses to accept service, by leaving the process at the location where the individual has been found; and if the individual refuses to receive such copies or permit them to be left, such action shall constitute valid service; or
>        (b)    by mail or commercial courier service as provided in Subparagraph (3) of Paragraph E of this rule.[4]
>    (2)    If, after the plaintiff attempts service of process by either of the methods of service provided by Subparagraph (1) of this paragraph, the

---

[4] See footnote 1 supra.

7

> defendant has not signed for or accepted service, service may be made by delivering a copy of the process to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years and mailing by first class mail to the defendant at the defendant's last known mailing address a copy of the process; or
> (3) If service is not accomplished in accordance with Subparagraphs (1) and (2), then service of process may be made by delivering a copy of the process at the actual place of business or employment of the defendant to the person apparently in charge thereof and by mailing a copy of the summons and complaint by first class mail to the defendant at the defendant's last known mailing address and at the defendant's actual place of business or employment.

Rule 1-004(F). Service of process at an individual's "actual place of business or employment," in this case the NMDWS, is sufficient under Rule 1-004(F)(3) only if a plaintiff first attempts, unsuccessfully, to serve the individual in accordance with Rule 1-004(F)(1) and Rule 1-004(F)(2). See Edmonds v. Martinez, 215 P.3d 62, 66 (N.M. App. 2009). Additionally, for service to be sufficient under Rule 1-004(F)(3), the plaintiff must also deliver "a copy of the summons and complaint to the person apparently in charge of the actual place of business of the defendant *and* mail[] a copy of the summons and complaint to the defendant *both* at the defendant's last known mailing address and also the defendant's actual place of business." Id. (Emphasis in original; internal quotation marks and citation omitted)). Because Plaintiff did not attempt to serve process on Ingram and Beagles in accordance with Rule 1-004(F)(1) and (F)(2), and because Plaintiff did not mail a copy of the process to Ingram and Beagles both at their last known mailing addresses and their actual places of business or employment, service of process was insufficient.

Plaintiff argues, however, that Ingram and Beagles evaded service of process and, therefore, service was proper under Rule 1-004(1) NMRA, which provides that service is

valid if " the individual refuses to accept service" and the process is left "at the location where the individual has been found." In support of her argument, Plaintiff avers that "Eddie Beagles was seen leaving the Alamogordo NM. office by the Plaintiff after the Process Server entered the building" and that "Jerry Ingram has recently moved from Alamogordo, NM. to Albuquerque, [NM] leaving no forwarding address, and no publicly recorded address or phone number." [Doc. 22 at 4] In Edmonds, the New Mexico Court of Appeals held that, pursuant to Rule 1-004(1), "the person to be served must first be found, and then offered the opportunity to refuse service before the paperwork may be left where the individual has been found." Edmonds, 215 P.3d at 66. In this case, there is no evidence proffered to suggest that Ingram was found at the NMDWS office on the date of service or that Beagles was given an "opportunity to refuse service before the paper [was] left." Id. The Court therefore concludes that individual service of process on Ingram and Beagles was insufficient under Rule 1-004 NMRA.

Lastly, Plaintiff contends that service was sufficient pursuant to Clark v. LeBlanc, 593 P.2d 1075 (N.M. 1979), because "[a]ll Defendants were clearly and irrefutably 'Placed on Notice' that they were involved in a legal proceeding against them, as they immediately appeared and answered in this litigation." [Doc. 22 at 6] In Clark, the New Mexico Supreme Court held that "service by publication gives the district court jurisdiction in an In personam action if it is established that [the defendant] left the state and concealed himself in order to avoid service." Id. at 1076. Clark did not disturb the longstanding New Mexico rule that "[a] court has no power to bind a party to a judgment when that party has not been properly

9

served." Edmonds, 215 P.3d at 65.  Rather, Clark simply created an exception to the requirement of personal service "in cases where the defendant, being aware that civil action may be instituted against him, attempts to conceal himself to avoid service of process." Clark, 593 P.2d at 1076.  Because there is no proffered evidence in this case to indicate that Defendants have attempted to conceal themselves to avoid service of process, and because Plaintiff has not served Defendants by publication in accordance with Rule 1-004(J) and (K) NMRA, the Court concludes that Plaintiff's reliance on Clark is misplaced.

Although service of process was insufficient in this case, there is a reasonable prospect that Defendants can be served with sufficient service in a second attempt. Accordingly, the Court will deny Defendant's motion to dismiss, quash Plaintiff's service of process, and grant Plaintiff an opportunity to effect proper service in accordance with Fed. R. Civ. P. 4(e) and (j)(2) within twenty one (21) days of the entry of this *Memorandum Opinion and Order*.  In doing so ordering, the Court is mindful that Plaintiff is *pro se* and that Defendants have actual notice of Plaintiff's *Complaint for Damages from Employment Discrimination and Retaliation (Workplace Harassment, Sexual Harassment and Wrongful Termination of Employment) and for Violation of Civil Rights Under Color of State Law*.

### III.   CONCLUSION

For the foregoing reasons, the Court concludes that service of process is insufficient under Fed. R. Civ. P. 4(e) and (j)(2) and Rule 1-004(F) and (H) NMRA.  Because there is a reasonable prospect that Defendants can be served with sufficient service in a second

attempt, Plaintiff is granted twenty one (21) days from the entry of this *Memorandum Opinion and Order* to effect proper service.

**IT IS THEREFORE ORDERED** that *Defendants' Motion to Dismiss and Memorandum In Support of Motion to Dismiss* is **DENIED**.  [Doc. 14]

**IT IS FURTHER ORDERED** that Plaintiff's service of process is **QUASHED** and that Plaintiff shall effect proper service in accordance with Fed. R. Civ. P. 4(e) and (j)(2) within twenty one (21) days of the entry of this *Memorandum Opinion and Order*.

**SO ORDERED** this 10th day of August, 2011 in Albuquerque, New Mexico.

M. CHRISTINA ARMIJO
United States District Judge