## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

LUPE B. CARRASCO,

        Plaintiff,

v.                                         Civ. No. 10-0999 MCA/SMV

NEW MEXICO DEPARTMENT OF
WORKFORCE SOLUTIONS, et al.,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Motion to Strike Plaintiff's Amended Witness List ("Motion to Strike Amended Witness List") [Doc. 72], Plaintiff's Motion for Time Extend to Reply to Defendants in Support of Motion for Summary Judgment ("Motion for Extension of Time") [Doc. 79], Defendants' Motion to Strike Plaintiff's Response to Defendants' Reply in Support for Motion for Summary Judgment ("Motion to Strike Summary Judgment Sur-Reply") [Doc. 85], Plaintiff's Motion to Submit Conforming Document 68 from Deficient ("Motion to Submit Conforming Document") [Doc. 86], Plaintiff's Motion for Leave to File Sur Reply to Motion to Strike Documents 90, 92, and 93 [Doc. 101], Defendants' Motion to Strike Plaintiff's Documents 90, 92, and 93 ("Motion to Strike Documents 90, 92, and 93") [Doc. 95], Defendants' Motion to Strike [Doc. 77], and Defendants' Motion and Memorandum in Support of Motion to Dismiss ("Motion to Dismiss") [Doc. 100].

The Court, having considered the motions, briefs, and relevant law, and being otherwise fully informed, finds that Defendants' Motion to Strike Amended Witness List [Doc. 72] is not

1

well taken and will be denied, that Plaintiff's Motion for Extension of Time [Doc. 79] is not well

taken and will be denied, that Defendants' Motion to Strike Summary Judgment Sur-Reply [Doc.

85] is well taken and will be granted, that Plaintiff's Motion to Submit Conforming Document

[Doc. 86] is not well taken and will be denied, that Plaintiff's Motion for Leave to File Sur Reply

to Motion to Strike Documents 90, 92, and 93 [Doc. 101] is not well taken and will be denied,

that Defendants' Motion to Strike Documents 90, 92, and 93 [Doc. 95] is well taken and will be

granted, that Defendants' Motion to Strike [Doc. 77] is well taken in part and will be granted in

part, and that Defendants' Motion to Dismiss [Doc. 100] is not well taken and will be denied.

## DISCUSSION

I.    Defendants' Motion to Strike Amended Witness List [Doc. 72]

Defendants move to strike Plaintiff's amended witness list on the ground that Plaintiff

failed to timely disclose the identity of her witness Delia Bailey and on the ground that Plaintiff

failed to respond to discovery requests seeking the identity of Plaintiff's witnesses.  Defendants

also ask the Court to enter an order prohibiting all testimony from any witness Plaintiff has not

properly disclosed, including the testimony of Ms. Bailey by way of affidavit that Plaintiff

presents in opposition to Defendants' motion for summary judgment.

A.    Procedural Background

Plaintiff failed to file initial disclosures, including the name of individuals likely to have

discoverable information, as required by Federal Rule of Civil Procedure 26(a)(1).  *See* Fed. R.

Civ. P. 26(a)(1)(I).  Plaintiff also failed to respond to several of Defendants' discovery requests.

Specifically, Defendants State of New Mexico, New Mexico Department of Workforce

Solutions, and Jerry Ingram and Eddie Beagles (individually and in their respective capacities as Area Director and Bureau Chief of New Mexico Department of Workforce Solutions) (collectively, "Defendants") propounded written discovery to Plaintiff in the form of interrogatories and requests for production, seeking the disclosure of witnesses, written or oral statements, and persons who might have knowledge of the relevant facts. Plaintiff failed to disclose any witnesses in her answers to the interrogatories but rather indicated that an attorney would make the decision regarding what witnesses to call. *See* Mot. to Strike Am. Witness List, Exh. A.

On March 9, 2012, counsel for Defendants wrote Plaintiff a letter regarding her failure to disclose witnesses and requesting that Plaintiff supplement her discovery responses prior to March 23, 2012. *See id.*, Exh. B. Counsel explained that Defendants could not wait for Plaintiff to hire an attorney to identify her witnesses given the approaching discovery deadline of May 11, 2012. *See* Court's Order Setting Pretrial Deadlines and Adopting Joint Status Report ("Scheduling Order") [Doc. 44]. On March 26, 2012, Plaintiff supplemented some of her discovery responses by producing a large set of documents, but Plaintiff did not supplement her responses to the interrogatories or requests for production seeking the disclosure of witnesses, written or oral statements, or persons with knowledge.

Prior to the May 11, 2012, discovery deadline, Plaintiff provided Defendants with informal notice of Delia Bailey's identity as a potential witness. Specifically, Plaintiff produced a set of documents that included evidence of Ms. Bailey's observations on March 5, 2012. Plaintiff delivered a handwritten statement of Ms. Bailey to defense counsel on April 17, 2012.

*See* Pl's Resp. to Mot. to Strike Am. Witness List; *see also* Am. Witness List.  Plaintiff also informed defense counsel of Ms. Bailey's identity as a witness during Plaintiff's deposition on April 24, 2012.  *See id.*  The Scheduling Order provides that parties shall identify their witnesses no later than 30 days prior to trial.  *See* Scheduling Order at 2.

On May 29, 2012, Plaintiff filed an amended witness list formally identifying Ms. Bailey as a potential witness.  That same day, Plaintiff also filed her Response to Summary Judgment on All of Plaintiff's Claims and Memorandum of Law in Support Therefore ("Response to Motion for Summary Judgment"), to which Plaintiff attaches letters from several witnesses, including Ms. Bailey.  On June 7, 2012, Plaintiff filed her Supplement of Response for Summary Judgment on All of Plaintiff's Claims and Memorandum of Law in Support Therefore and the Affidavit of Delia Bailey, subscribed and sworn to before a notary public on June 6, 2012 (collectively, "Supplemental Response").

Defendants filed their Reply in Support of their Motion for Summary Judgment on June 12, 2012, five days after they received the Plaintiff's Supplemental Response containing the affidavit of Ms. Bailey.  The deadline for Defendants' reply was June 15, 2012.  *Cf.* D.N.M.LR-Civ. 7.4(a) (reply must be filed within fourteen days); Fed. R. Civ. P. 6(d) (adding three additional days for service by mail).

B.      Analysis

Defendants move to strike Plaintiff's amended witness list on the ground that Plaintiff failed timely to disclose Ms. Bailey's identity as a potential witness.  In support of their motion, Defendants argue that the Court should not permit Plaintiff, even if pro se, to ignore the Federal

Rules regarding disclosure or violate the Court's established deadlines. Defendants also argue that allowing Plaintiff to violate the rules would prejudice Defendants because Defendants filed their Motion for Summary Judgment on May 10, 2012, which was prior to the date Defendants received Plaintiff's amended witness list identifying Ms. Bailey as a witness. Plaintiff opposes Defendants' motion, arguing that (1) she disclosed Ms. Bailey's identity by way of documentary evidence when she produced a set of documents to Defendants on March 5, 2012, in response to their request for production of documents, (2) she delivered a handwritten statement of Ms. Bailey to defense counsel on April 17, 2012, prior to the close of discovery, and (3) she notified defense counsel of Ms. Bailey's identity as a witness by oral communication during Plaintiff's deposition on April 24, 2012, prior to the close of discovery.[1]

Defendants nonetheless contend that they were prejudiced because Plaintiff did not formally notify Defendants of the identity of Ms. Bailey by the May 11, 2012, discovery deadline. The Court notes, however, that Defendants received informal notice of Ms. Bailey's identity as a potential witness in advance of the discovery deadline. Specifically, Plaintiff produced documentary evidence identifying Ms. Bailey as a potential witness as early as March 5, 2012, Plaintiff delivered a statement of Ms. Bailey to defense counsel on April 17, 2012, and Plaintiff notified defense counsel during her deposition on April 24, 2012, that Ms. Bailey was a potential witness. In addition, with respect to Defendants' argument that they were prejudiced because Plaintiff filed her amended witness list after Defendants filed their opening summary

---

[1]  Plaintiff also argues that she "file[d] a witness list contained within the Scheduling Order, filed on November 14, 2011," but a review of that document reveals that it contains no witness list.

judgment brief, the Court notes that any prejudice was minimized both because Defendants had

informal notice of Ms. Bailey's identity as a witness in advance of their filing and because

Defendants were entitled to offer evidence to refute the Bailey affidavit—which Plaintiff

submitted in response to their motion—in their summary judgment reply brief.  Because

Defendants had actual, if not formal, notice of Ms. Bailey's identity as a witness, the Court

concludes that Defendants were not prejudiced.  The Court therefore denies Defendants' Motion

to Strike the Amended Witness List.

II.     Plaintiff's Motion for Extension of Time [Doc.79] and Defendants' Motion to Strike
        Summary Judgment Sur-Reply [Doc. 85]

        A.      Plaintiff's Motion for Extension of Time

        On June 25, 2012, after the close of briefing on Defendants' Motion for Summary

Judgment, Plaintiff filed her Motion for Extension of Time, seeking additional time to file a

response (*i.e.*, a sur-reply) to Defendants' Reply in Support of their Motion for Summary

Judgment.  Plaintiff, however, did not seek leave of court to file a sur-reply as required by the

Local Rules.  *See* D.N.M.LR-Civ. 7.4(b).  Rather, Plaintiff simply requested additional time to

file a response to Defendants' reply, presumably because Plaintiff was aware that time-limits

apply to a responsive memorandum but unaware that a sur-reply without leave of court is not

authorized by the Federal or Local Rules.  Thereafter, on June 29, 2012, Plaintiff filed her sur-

reply, entitled "Plaintiff's Response to Defendants' Reply in Support for Motion for Summary

Judgment" ("Summary Judgment Sur-Reply"), which Defendants move to strike.  *See infra* §III.

        The Local Rules of Civil Procedure for the District of New Mexico provide that leave of

court is required to file a sur-reply.  *See* D.N.M.LR-Civ. 7.4(b).  Although Plaintiff did not

specifically ask this Court for leave to file a sur-reply, she did request an extension of time to file a sur-reply. Thus, the Court will construe Plaintiff's motion for an extension of time to include an implied motion for leave to file a sur-reply.

Courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information which the responding party needs an opportunity to address. *See C.T. v. Liberal Sch. Dist.*, 562 F. Supp. 2d 1324, 1329 n.1 (D. Kan. 2008) ("[a] surreply will not be allowed unless the reply of the party filing the initial motion contained new information which the responding party needs an opportunity to address") (citation omitted); *see also Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.*, No. CIV 11–0103 JB/WPL, 2012 WL 1132527, at *15 (D.N.M. Mar. 22, 2012) (sur-reply allowed when a party raises new arguments in a reply, because of the "inequity of a court considering arguments . . . raised for the first time in a reply") (internal quotation marks and citation omitted). Plaintiff, however, identifies no new arguments or evidence that Defendants have raised in their reply to merit the filing of a sur-reply. Absent such a showing, the Court declines to grant Plaintiff leave to file a sur-reply. The Court therefore denies Plaintiff's implied motion for leave to file a sur-reply and likewise denies Plaintiff's motion for an extension of time in which to file that sur-reply.

B.   Defendants' Motion to Strike Summary Judgment Sur-Reply [Doc. 85]

On June 29, 2012, four days after Plaintiff filed her Motion for Extension of Time seeking additional time to file a sur-reply, Plaintiff filed her Summary Judgment Sur-Reply. Defendants move for an order striking this document.

The Court already has denied Plaintiff's implied motion seeking leave to file a sur-reply

7

on the ground that Plaintiff did not establish that Defendants raised new arguments in their reply

meriting an additional response by Plaintiff. *See supra* § II.A. The Court further notes that a

sur-reply is particularly unnecessary here because Plaintiff already has far exceeded the limits set

forth in the Local Rules by filing a 37-page response, 175 pages of exhibits, and a five-page

Supplemental Response with attached exhibit. *See* D.N.M.LR-Civ. 7.5 (response brief must not

exceed 24 pages); *id.* LR-Civ. 10.5 (exhibits must not exceed 50 pages). Plaintiff's Summary

Judgment Sur-Reply contains the same allegations that Plaintiff already asserted in her initial

Response to Defendants' Motion for Summary Judgment and therefore only adds an additional

fifteen pages to the already-voluminous briefing without contributing any new evidence or

argument. Because Plaintiff has failed to identify any basis for her sur-reply or to secure leave of

court to file an additional response, the Court grants Defendants' Motion to Strike Plaintiff's

Summary Judgment Sur-Reply. *Cf. Ysais v. N.M. Judicial Std. Comm'n*, 616 F. Supp. 2d 1176,

1184 (D.N.M. 2009) (although motions, briefs, and memoranda generally may not be attacked by

a Rule 12(g) motion to strike because they do not fall under the definition of "pleadings" in

Federal Rule of Civil Procedure 7(a), "[t]he exception to this principle is that a court may choose

to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court")

(internal quotation marks and citation omitted), *aff'd sub nom. Ysais v. N.M.*, No. 09-2109, 2010

WL 1511403 (10th Cir. Apr. 16, 2010).

III.   <u>Plaintiff's Motion to Submit Conforming Document [Doc. 86]</u>

In her Motion to Submit Conforming Document, Plaintiff moves the Court for an order

pursuant to District of New Mexico Local Rule 10.3(c)2 declaring her original Response to the

Motion for Summary Judgment [Doc.68] moot and allowing Plaintiff to substitute an amended

response that conforms to the rules. Plaintiff argues that upon Defendants' objection to the

deficiencies in Plaintiff's initial Response to the Motion for Summary Judgment, Rule 10.3(c)

authorized Plaintiff to substitute a conforming document within 45 days.

Plaintiff misconstrues the meaning and applicability of Local Rule 10.3(c). Local Rule

10.3(c) provides in relevant part, "The Clerk will give the submitting party written notice of a

deficiency and deadline for correcting the deficiency. . . . Failure to remedy a deficiency or to

show good cause for non-compliance within forty-five (45) days . . . may result in striking of the

document or dismissal of the action without prejudice." D.N.M.LR-Civ. 10.3(c).

Local Rule 10.3(c) is not applicable to Plaintiff's original Response to the Motion for

Summary Judgment. The clerk of court did not give Plaintiff written notice of a filing deficiency

or any deadline for correcting the deficiency, and therefore the 45-day deadline for remedying

filing defects set forth in Local Rule 10.3(c) was not triggered. Rather, it was Defendants—and

the not clerk of court—that filed a motion objecting to Plaintiff's Response to the Motion for

Summary Judgment. Defendants' objections were not based upon Local Rule 10.3, but rather

were based upon the ground that the response violates the page limits set forth in Local Rules 7.5

and 10.5 and on the ground that the exhibits attached to the response do not constitute admissible

---

2 Plaintiff actually refers to Rule 10.3(c) of the Federal Rules of Civil Procedure, and not to
Rule 10.3(c) of the Local Rules for the District of New Mexico. The Federal Rules, however, do
not contain a Rule 10.3(c) or any provision substantively akin to the provision Plaintiff describes.
Local Rule for the District of New Mexico 10.3(c), however, does contain a provision that is
substantively on point. Thus, the Court assumes that Plaintiff moves the Court for an order

evidence as required by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. Plaintiff cites no law or authority, and this Court finds none, that allows a responding party as a matter of right to submit an amended response to remedy the procedural and evidentiary objections of an opposing party.  Thus, the Court concludes that Plaintiff's Motion to Submit Conforming Document is not well taken and will be denied.

IV.    Plaintiff's Motion for Leave to File Sur-Reply to Motion to Strike Documents 90, 92, and 93 [Doc. 101] and Defendants' Motion to Strike Documents 90, 92, and 93 [Doc. 95]

     A.    Plaintiff's Motion for Leave to File Sur Reply

Plaintiff moves the Court pursuant to Local Rule 7.4(b) for leave to file a sur-reply in opposition to Defendants' Motion to Strike Documents 90, 92, and 93.  In support of her motion, Plaintiff argues that Defendants have raised a matter in their reply brief that requires Plaintiff to file a sur-reply.

As discussed herein, courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information that the responding party needs an opportunity to address.  *See C.T. v. Liberal Sch. Dist*, 562 F. Supp. 2d 1324, 1329 (D. Kan. 2008) (citation omitted); *see also Plant Oil Powered Diesel Fuel Sys., Inc. v. ExxonMobil Corp.*, No. CIV 11–0103 JB/WPL, 2012 WL 132527, *15 (D.N.M. Mar. 22, 2012) (citations omitted). Plaintiff, however, has pointed to no new arguments that Defendants raise in their reply brief or other grounds sufficient to merit the filing of a sur-reply.

In support of her motion seeking leave to file a sur-reply, Plaintiff instead sets forth the same conclusory and unsupported argument—namely, that her exhibits in opposition to the

---

substituting her amended response for her original response pursuant to Local Rule 10.3(c).

motion for summary judgment are admissible—that she originally raised in her initial response to the motion to strike. *Compare* Mot. for Leave to File Sur-Reply to Mot. to Strike Docs. 90, 92, and 93, ¶ 1 (claiming that Plaintiff set forth admissible evidence) *with* Pl's First Resp. to Defs' Mot. to Strike Pl's Docs. 90, 92, and 93, ¶¶ 6, 8 (claiming that Plaintiff has submitted documents "with admissible truth"). In addition, Plaintiff argues that she sustained her summary judgment burden of showing the existence of a genuine factual dispute, which is the same argument that she raised in her original response to Defendants' motion to strike. *Compare* Mot. for Leave to File Sur-Reply to Mot. to Strike Docs. 90, 92, and 93, ¶¶ 2, 4 (claiming that Plaintiff has raised a genuine issue of material fact sufficient to withstand summary judgment) *with* Pl's First Resp. to Defs' Mot. to Strike Pl's Docs. 90, 92, and 93, ¶¶ 6, 8, 10 (arguing that Plaintiff has raised a genuine factual issue and citing supporting evidence). Plaintiff also makes the same argument that Plaintiff is not able to afford an attorney and that she struggles as a result of not having an attorney. *Compare* Mot. for Leave to File Sur-Reply to Mot. to Strike Docs. 90, 92, and 93, ¶ 3 *with* Pl's First Resp. to Defs' Mot. to Strike Pl's Docs. 90, 92, and 93, ¶ 5.

Clearly, Plaintiff's arguments in favor of a sur-reply are the same contentions in Plaintiff's original response to the motion to strike. Moreover, Plaintiff points to no new evidence or argument in Defendants' reply brief to merit the filing of a sur-reply. The Court therefore denies Plaintiff's Motion for Leave to File a Sur-Reply to the Motion to Strike Documents 90, 92, and 93.

B.    Defendants' Motion to Strike Documents 90, 92, and 93 [Doc. 95]

In their Motion to Strike Documents 90, 92, and 93, Defendants move for an order

striking Plaintiff's Response to Defendants' Reply in Support of Motion to Strike ("Sur-Reply to

First Motion to Strike") [Doc. 90] as well as two of Plaintiff's amended responses to the motion

for summary judgment.  Defendants further move to strike any exhibits attached to the foregoing

documents that are subject to Defendants' first Motion to Strike [Doc. 77].

      With respect to Defendants' motion to strike the Sur-Reply to First Motion to Strike, the

Court has explained herein that the Local Rules require leave of court to file a sur-reply.  *See*

D.N.M.LR-Civ. 7.4(b).  Plaintiff, however, did not seek leave of court prior to filing her sur-

reply.  Moreover, in opposition to Defendants' motion to strike her sur-reply, Plaintiff has failed

to demonstrate that Defendants raised any new argument in their reply necessitating the filing of

a sur-reply. *Cf. Liberal Sch. Dist*, 562 F. Supp. 2d at 1329 (citation omitted); *see also*

*ExxonMobil Corp.*, 2012 WL 132527, at *15.  Because Plaintiff has failed to explain why a sur-

reply is required or to secure leave of court to file an additional response, the Court grants

Defendants' motion to strike Plaintiff's Sur-Reply to First Motion to Strike.  *Cf. Ysais v. N.M.*

*Judicial Std. Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009) (a court may strike a

memorandum or brief not allowed by a local rule).

      The Court next addresses Defendants' motion to strike Plaintiff's two amended responses

to Defendants' motion for summary judgment—namely, Documents 92 and 93.  Plaintiff

presumably filed these amended responses pursuant to her Motion to Submit Conforming

Document, in which Plaintiff asks the Court to issue an order declaring her initial Response to

the Motion for Summary Judgment [Doc. 68] moot and to allow Plaintiff to substitute an

amended response in place of her original filing.  Specifically, Plaintiff filed her Motion to

Submit Conforming Document on July 10, 2012, and thereafter on July 31, 2012, Plaintiff filed

Document 92, entitled "Plaintiff's Amend[ed] Response to Defendants' Motion for Summary

Judgment on All of Plaintiff's Claims and Memorandum of Law in Support Thereof."  One day

later, on August 1, 2012, Plaintiff filed Document 93, which has the same title as Document 92,

but also has a handwritten notation under the title stating, "Plaintiff's Exhibits to This Amend

left out."  Presumably, Plaintiff filed Document 93 to attach the correct exhibits, for the

substance of Document 93 appears the same as Document 92.

 The Court already has denied Plaintiff's Motion to Submit Conforming Document.  *See*

*supra* § III.  Therefore because Plaintiff has failed to secure leave of court to file an amended

response to Defendants' motion for summary judgment, Plaintiff has no basis for filing

Documents 92 or 93.  The Court may choose to strike a filing that is not allowed by a local rule.

*Cf. Ysais*, 616 F. Supp. 2d at 1184.  Because the rules of this Court do not authorize the filing of

an amended response, the Court grants Defendants' motion to strike Documents 92 and 93.

V. <u>Defendants' Motion to Strike [Doc. 77]</u>

  A. Motion to Strike Response to Motion for Summary Judgment in its Entirety or to
    Strike Pages in Excess of the Page Limit

 Defendants move to strike Plaintiff's Response to Motion for Summary Judgment [Doc.

68], including all exhibits, on the ground that the response is untimely.  Defendants argue that

they filed their Motion for Summary Judgment on May 10, 2012, and that Plaintiff did not file

her response in opposition to their motion until May 29, 2012, which is nineteen days after

Defendants filed their opening brief.  Defendants claims that Plaintiff's response is five days late,

citing Local Rule 7.4(a), which provides that a "response must be served and filed fourteen (14)

days after service of the motion." D.N.M.LR-Civ. 7.4(a). Defendants further contend that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." *Id.* LR-Civ. 7.1(b). For these reasons, Defendants maintain that Plaintiff's response and exhibits should be stricken in their entirety as untimely.

In opposition, Plaintiff argues that she timely responded to Defendants' Motion for Summary Judgment. Plaintiff does not specifically refer to the three-day extension that Federal Rule of Civil Procedure 6(d) grants parties receiving service of a motion by mail, *see* Fed. R. Civ. P. 6(d) ("[w]hen a party may or must act within a specified time after service and service is made [by mail], 3 days are added after the period would otherwise expire under Rule 6(a)"), but elsewhere in her filings Plaintiff relies on this rule. The Court therefore assumes that Plaintiff's argument of timeliness is based upon Rule 6(d).

The Court concludes that pursuant to Federal Rule 6(d) and Local Rule 7.4(a), Plaintiff had fourteen days to respond to Defendants' opening brief, plus an additional three days to respond because Defendants served Plaintiff by first-class mail. Defendants do not address the applicability of Federal Rule 6(d). Local Rule 7.4(a), however, specifically provides that the fourteen-day time limit for a responsive pleading "is computed in accordance with Fed. R. Civ. P. 6(a) *and* (d)." D.N.M.LR-Civ. 7.4(a) (emphasis added). Therefore, because the expiration of the seventeen day period (fourteen days plus three days for mailing) fell on Sunday, May 27, 2012, and Monday, May 28, 2012, was a federal holiday, Plaintiff's response was due Tuesday, May 29, 2012. *See* Fed. R. Civ. P. 6(a)(1)(c). Plaintiff thus filed her response to the motion for

summary judgment by the May 29, 2012, deadline set forth in the Federal and Local Rules. Accordingly, the Court denies Defendants' motion to strike Plaintiff's response as untimely.

Defendants also move to strike Plaintiff's Supplemental Response, including the attached affidavit of Delia Bailey [Docs. 70, 71], on the ground that they are untimely.  Plaintiff filed her Supplemental Response in opposition to the motion for summary judgment on June 7, 2012, which was nine days after the May 29, 2012, deadline by which Plaintiff was required to respond.

Although the Court has discretion to strike Plaintiff's Supplemental Response because it was not allowed by a local rule, *cf. Ysais N.M. Judicial Std. Comm'n*, 616 F. Supp. 2d 1176, 1184 (D.N.M. 2009), the Court declines to exercise this discretion because there has been no showing that Defendants were prejudiced as a result of Plaintiff's late filing.3  The Court notes that Plaintiff filed her Supplemental Response five days prior to the date Defendants filed their Reply in Support of their Motion for Summary Judgment.  Moreover, although Defendants chose to file their reply brief on June 12, 2012, Defendants actually had three additional days to respond (*i.e.*, until June 15, 2012). *See* D.N.M.LR-Civ. 7.4(a); Fed. R. Civ. P. 6(d).  Thus, Defendants had the opportunity to address in their reply brief the arguments and evidence Plaintiff presented in her Supplemental Response.  Because the Court perceives no meaningful

---

3 Defendants do not argue that they were prejudiced by the untimeliness of Plaintiff's Supplemental Response.  Rather, Defendants' sole argument regarding prejudice is that Plaintiff attaches the affidavit of an allegedly undisclosed witness, Delia Bailey, to her Supplemental Response.  Specifically, Defendants argue that Plaintiff failed formally to disclose Ms. Bailey as a witness.  The Court, however, already has rejected this argument, concluding that Plaintiff provided Defendants with actual if not formal notice of Ms. Bailey's identity as a potential witness in advance of the discovery deadline. *See supra* § I.B.

prejudice to Defendants, the Court denies Defendants' motion to strike the Supplemental
Response.

Defendants further move to strike Plaintiff's Response to the Motion for Summary
Judgment on the ground that the response totals 37 pages, which exceeds the 24-page limit set
forth in Local Rule 7.5. *See* D.N.M.LR-Civ. 7.5. In addition, Defendants argue that Plaintiff's
exhibits total 175 pages, which substantially exceeds the 50-page limit for exhibits set forth in
Local Rule 10.5. *See id.* LR-Civ. 10.5. If the Court declines to strike the pleadings and exhibits
in their entirety, Defendants in the alternative ask the Court to strike the last thirteen pages of
Plaintiff's Response to the Motion for Summary Judgment, the additional four pages of
Plaintiff's Supplemental Response, and the last 127 pages of Plaintiff's submitted exhibits
(including the Bailey affidavit attached to the Supplemental Response).

The Court declines to grant Defendants' motion to strike Plaintiff's summary judgment
response in its entirety, or in the alternative to strike the last thirteen pages of Plaintiff's
response, on the ground that the response exceeds the 24-page limit set forth in the Local Rules.
*See id.* LR-Civ. 7.5. Although the Court has discretion to strike a responsive memorandum for
failure to comply with the Local Rules, *cf. Ysais*, 616 F. Supp. 2d at 1184, the Court declines to
exercise this discretion because Defendants have not identified any prejudice resulting from the
excess thirteen pages filed by Plaintiff. *See supra* note 3.

In contrast, the Court grants in part Defendants' motion to strike Plaintiff's exhibits,
which total 177 pages (175 pages attached to Plaintiff's original response to the Motion for
Summary Judgment and two pages attached to Plaintiff's Supplemental Response) and far

exceed the 50-page limit set forth in the Local Rules. *See* D.N.M.LR-Civ. 10.5. The Court, however, declines to grant Defendants' motion to strike all of Plaintiff's exhibits solely on the ground that the exhibits exceed the maximum allowable page limit set forth in the Local Rules or in the alternative to strike wholesale the last 127 pages of Plaintiff's exhibits, including the Affidavit of Delia Bailey, because Plaintiff's exhibits exceed the 50-page limit. Rather, the Court strikes only those exhibits to which Defendants specifically object and to which the Court sustains Defendants' objection. *See infra* § V.B.2(a)-(g). Because the Court has sustained the majority of Defendants' objections to the individual exhibits, the Court notes that after striking the documents, Plaintiff's exhibits fall within the prescribed 50-page limit set forth in Local Rule 10.5.

B.       Motion to Strike Plaintiff's Individual Exhibits

Defendants move to strike the majority of Plaintiff's exhibits attached to her response to their motion for summary judgment. "It is well settled in this circuit that [a court] can consider only admissible evidence in reviewing an order granting summary judgment. While the party opposing summary judgment need not produce evidence in a form that would be admissible at trial, the content or substance of the evidence must be admissible." *Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (quoting *Wright-Simmons v. City of Okla. City*, 155 F.3d 1264, 1268 (10th Cir. 1998)); *Pastran v. K-Mart Corp.*, 210 F.3d 1201, 1203 n.1 (10th Cir. 2000) (citation omitted) (same). A court, however, may consider inadmissible material on summary judgment if the opposing party does not object. *See Thrasher v. B & B Chem. Co.*, 2 F.3d 995, 998 (10th Cir. 1993) (if a party does not move to strike a piece of

summary judgment evidence, it becomes part of the evidence before the district court and is properly considered on appeal) (citations omitted); *Johnson v. Weld County*, 594 F.3d 1202, 1209 (10th Cir. 2010) ("[w]hen a proper hearsay objection has been made and preserved, it is well settled in this circuit that we can consider only admissible evidence in reviewing an order granting summary judgment") (citations omitted); *Munoz v. Int'l Alliance of Theatrical Stage Emp. & Moving Picture Machine Operators*, 563 F.2d 205, 214 (5th Cir. 1977) ("[i]nadmissible material that is considered by a district court without challenge may support a summary judgment"). The Tenth Circuit reviews a district court's consideration of or refusal to consider evidence at the summary judgment stage for abuse of discretion. *See Mohawk*, 577 F.3d at 1170.

Because evidence must be admissible to be considered on summary judgment, Plaintiff's evidence is subject to the Federal Rules of Evidence and the Federal Rules of Civil Procedure. In their Motion to Strike, Defendants argue that Plaintiff's exhibits do not comply with several of these evidentiary and procedural rules. Specifically, Defendants move to strike Plaintiff's exhibits on one or more of the following grounds: (1) the exhibit is not relevant to the issues in the litigation, or, if it is relevant, it should be struck because it is prejudicial; (2) the exhibit is not reliable and therefore cannot be authenticated; (3) the witness does not have personal knowledge and/or the witness's testimony is not under oath; and (4) the exhibit contains inadmissible hearsay. The Court first will set forth the standards for each of these objections and then analyze the specific objections to each exhibit under these standards.

        1.     <u>Standards</u>

            a.     <u>Relevance</u>

Federal Rule of Evidence 402 provides that "irrelevant evidence is not admissible." Fed. R. Evid. 402. Relevant evidence is evidence that has a tendency to make "a fact of consequence in determining the action" "more or less probable than it would be without the evidence." *Id.* Rule 401. Even where evidence has some relevance, it should be excluded if its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* Rule 403.

b.   Authentication

Federal Rule of Evidence 901(a) provides that to be admissible, evidence must be "sufficient to support a finding that the matter in question is what its proponent claims." *Id.* Rule 901(a). Rule 1003 provides that a duplicate is "admissible to the same extent as the original unless a genuine question is raised about the original's authenticity or the circumstances making it unfair to admit the duplicate." *Id.* Rule 1003. Authentication and identification represent a special aspect of relevancy. *See id.* Rule 901(a), advisory comm. notes; *Bruther v. Gen. Elec. Co., 818 F. Supp. 1238,* 1240 (S.D. Ind. 1993) (the "rationale behind the requirement of authentication is that absent showing that evidence is what proponent alleges, it has no relevance"). A document may not be relevant, for example, because it concerns an unrelated topic, or it may not be relevant because the author of the document is not identified. *See* Fed. R. Evid. 901(a), advisory comm. notes. The latter reason is a question of authentication. *See id.*

A court may consider unauthenticated documents submitted in support of or opposition to a motion for summary judgment if the opposing party does not challenge authenticity. *See*

*Noblett v. Gen. Elec. Credit Corp.*, 400 F.2d 442, 445 (10th Cir. 1968) (citations omitted).  Upon

objection to the authenticity of exhibits, however, a court must examine each document on an

individual basis to determine whether its authenticity has been established.  *See Mohawk*, 577

F.3d at 1170 (court could not summarily disregard exhibits because the plaintiff failed to attach

an authenticating affidavit but rather must consider authentication of each document

individually).

 A document in a form that would be inadmissible at trial can be used to support or

oppose a motion for summary judgment if the document is appropriately authenticated by

affidavit or declaration.  *See id.*; *see also Cook v. Layman*, 263 F. Supp. 2d 1234 (E.D. Ca. 2003)

(citing *United States v. One Parcel of Real Prop.*, 904 F.2d 487, 491-492 (9th Cir. 1990)).  A

formal affidavit is no longer required to authenticate a document.  *See* Fed. R. Civ. P. 56(c),

advisory comm. notes ("[a] formal affidavit is no longer required," because 28 U.S.C. Section

1746 provides otherwise).  Rather, 28 U.S.C. Section 1746 allows a written unsworn declaration,

certificate, verification, or statement subscribed to in proper form as true under penalty of perjury

to substitute for an affidavit.4  *See* 28 U.S.C. § 1746.

 An affidavit or declaration is only one means of authentication.  *See Mohawk*, 577 F.3d at

1170 (district court abused its discretion for categorically striking exhibits because no

---

4 Specifically, Section 1746 provides in relevant part, "Wherever, under any law of the United
States . . . any matter is required or permitted to be supported, evidenced, established, or proved
by the sworn . . . affidavit, in writing of the person making the same . . . , such matter may, with
like force and effect, be supported, evidenced, established, or proved by the unsworn declaration[
or] . . . verification[] . . . in writing of such person which is subscribed by him, as true under
penalty of perjury, and dated, in substantially the following form: . . . 'I declare (or certify,
verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on

authenticating affidavit is required) (citation omitted).  Even if no authenticating affidavit or

declaration is attached, a plaintiff's submitted exhibit might be sufficiently authenticated taking

into consideration the "[a]ppearance, contents, substance, internal patterns, or other distinctive

characteristics, taken in conjunction with circumstances." *Id.* at 1171 (quoting Fed. R. Evid.

901(b)(4)); *see also* Fed. R. Evid. 901(b)(4) (an example of evidence that satisfies the

authentication requirement includes evidence authenticated by "[t]he appearance, contents,

substance, internal patterns, or other distinctive characteristics of the item").

 At the summary judgment stage, Plaintiff need not present evidence in a form that would

be admissible at trial provided the content would be admissible.  *See Weinbaum v. Las Cruces*

*Pub. Schs.*, 465 F. Supp. 2d 1116, 1130 n.16 (D.N.M. 2006) (citation omitted); *Bryant v.*

*Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005).  A district court may consider an

unauthenticated plaintiff's exhibit for summary judgment purposes if the plaintiff "could likely

authenticate the letter in short order" at trial. *Weinbaum*, 465 F. Supp. 2d at 1130 n.16 (citation

omitted); *see also Barnes v. United States*, No. 04-3445, 2005 WL 1525268, at *4 (10th Cir.

June 29, 2005) (finding no abuse of discretion where district court considered pro se litigant's

documents that were not, but could likely be, properly authenticated prior to trial, and explaining

that district court's "forbearance" was appropriate in light of the court's obligation to "insure that

pro se litigants are provided with proper notice regarding the complex procedural issues involved

in summary judgment proceedings").  Moreover, a court does not abuse its discretion by

allowing a plaintiff to file additional affidavits to authenticate documents that the plaintiff

---

(date).  (Signature)'." 28 U.S.C. § 1746.

produced in opposition to a motion for summary judgment. *See Chimera Inv. Co. v. State Farm Fire & Cas. Co.*, No. 06-4268, 2008 WL 681701, at *5 (10th Cir. Mar. 11, 2008) (finding no abuse of discretion where the district court allowed a party to supplement its summary judgment filings after finding that certain evidence submitted by the party had not been properly authenticated).

### c.    Personal Knowledge and Verification

Federal Rule of Civil Procedure 56(c) provides that a party may support or oppose a motion for summary judgment by citing to, among other types of evidence, an affidavit or declaration. *See* Fed. R. Civ. P. 56(c)(1)(a). When relying upon an affidavit or declaration, the proponent of the evidence must provide an unsworn statement or declaration subscribed to in proper form as true under penalty of perjury. *See* 28 U.S.C § 1746; *see also* Fed. R. Civ. P. 56(c), advisory comm. notes. As described herein, however, a formal affidavit is no longer required. *See id.*; 28 U.S.C. § 1746. In addition, Rule 56(c)(4) provides that an affidavit or declaration "must be made on personal knowledge and that the affidavit or declaration must set out facts that would be admissible in evidence. *See* Fed. R. Civ. P. 56(c)(4).

### d.    Hearsay

At the summary judgment stage, a district court may consider evidence that is not in a form that would be admissible at trial, provided that its content does not contain inadmissible hearsay. *See Bryant*, 432 F.3d at 1122 (explaining, for instance, that a witness to a car accident could not submit his testimony at trial via affidavit because that statement would be hearsay, but that at the summary judgment stage, the affidavit is proper because its content—the eyewitness

account of the affiant—is admissible); *see also Hardy v. S.F. Phosphates Ltd.,*185 F.3d 1076, 1082 n. 5 (10th Cir.1999) (although a "fair amount of inadmissible hearsay evidence" was introduced to support a party's motion for summary judgment, "the nonmoving party need not produce evidence in a form that would be admissible at trial, . . . but the content or substance of the evidence must be admissible") (internal quotation marks and citation omitted).

Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c). If the content of a document contains double hearsay, that is hearsay within hearsay, the combined statement is not admissible unless each part falls within an exception to the rule against hearsay. *See id.* Rule 805.

    2.    <u>Analysis</u>

        a.    <u>Exhibits Struck Due to Lack of Relevancy and for Exceeding the Page Limit Set Forth in Local Rule 10.5</u>

Defendants move to strike the letter from Betty Sparrow-Doris to Plaintiff, dated April 29, 2008 [Exh. A, Doc. 68-1, p.3], on the ground that the letter is not relevant to the issues in the lawsuit. Plaintiff does not contest Defendants' motion to strike the exhibit. Relevant evidence is evidence that has a tendency to make a fact of consequence to the determination of the action more or less probable than it would be in the absence of the evidence. *See id.* Rule 401. The letter written by Ms. Sparrow-Doris, dated April 29, 2008, concerns a period of time prior to the time Plaintiff was hired by NMDWS, and it therefore does not make a fact of consequence to this litigation more or less probable. Thus, the Court grants Defendants' motion to strike the letter on this ground. The Court also grants the motion to strike the letter on the ground that Plaintiff's

exhibits exceed the 50-page limit in Local Rule 10.5.5  *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike the e-mail exchanges among Joe Sandoval, Eddie Beagles, and Adam Encinias, dated October 12, 2007 [Exh. B, Doc. 68-1, pp. 4-5], on the ground that the e-mails are irrelevant and on the ground that the e-mails are inauthentic and unreliable due to the fact that Plaintiff wrote on the document.  Plaintiff does not contest Defendants' motion to strike the exhibit.  The Court concludes that the e-mail exchanges occurred in October 2007 and therefore are not relevant to the issues in this case.  *Cf.* Fed. R. Evid. 401.  Thus, the Court strikes the exhibit on this ground.  The Court also grants the motion on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.  The Court declines to consider the additional argument that the e-mails lack authenticity and are unreliable because the Court already has granted the motion to strike on the independent ground of lack of relevance.

Defendants move the Court to strike the Salary Grade Movement Chart [Exh. C, Doc. 68-1, p. 6], attached to Plaintiff's Response to the Motion for Summary Judgment on the ground that the chart is not relevant to the issues before the Court.  Plaintiff does not contest the motion to strike this exhibit.  The Complaint does not state a claim concerning Plaintiff's salary grade, and therefore the document in question does not make a fact of consequence to this case more or less probable.  *Cf.* Fed. R. Evid. 401.  Thus, the Court grants Defendants' motion to strike the exhibit on this ground.  The Court also grants the motion to strike the chart on the ground that Plaintiff's

---

5 Defendants also object to the letter on the ground that it contains inadmissible hearsay.  The Court agrees, *see* Exh. A., Doc. 68-1, p. 3 ("managers informed us about the wonderful volunteer work you provide to our staff and customers"), and therefore strikes the letter on this ground as

exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike the 2009 State Employees Calendar and Timesheets [Exh. E, Doc. 68-1, pp. 14-16], on the ground that they are irrelevant to any summary judgment issues and on the ground that Plaintiff wrote on the documents thereby destroying their authenticity and reliability. The Court agrees that a state employee calendar and the times sheets do not make a fact of consequence in this litigation more or less probable. *Cf.* Fed. R. Evid. 401. The Court therefore grants Defendants' motion to strike the exhibits on the ground that they are irrelevant. The Court also grants the motion to strike on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider the additional objection of authenticity raised by Defendants.

Defendants move to strike the e-mails from Defendant Ingram to multiple employees, dated November 13, 2008 [Exh. G, Doc. 68-1, p. 47], on the ground that they are not relevant and on the ground that the e-mails lack authenticity and reliability because Plaintiff wrote on the hard copy of the e-mails. Plaintiff does not contest Defendants' motion to strike the exhibit. The Court agrees that the e-mail exchange, which concerns employees' payroll checks, is not relevant to the issues pending in this case, *cf.* Fed. R. Evid. 401, and the Court therefore grants Defendants' motion to strike the exhibit on this ground. The Court also grants the motion to strike on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' additional argument that the e-mails lack authenticity due to Plaintiff's handwritten comments on the document.

---

well. *Cf. Bryant*, 432 F.3d at 1122.

Defendants move to strike the e-mail to Defendant Ingram, dated November 26, 2008 [Exh. H, Doc. 68-2, p. 1], on the ground that the exhibit is irrelevant and on the ground that Plaintiff wrote on the hard copy of the e-mail destroying its authenticity and reliability.  The Court agrees that the e-mail from an unknown sender to Defendant Ingram concerning an account activation request is not relevant to the issues in this case, *cf.* Fed. R. Evid. 401, and therefore strikes the exhibit on this ground.  The Court also grants the motion to strike on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.  The Court declines to consider Defendants' additional argument regarding authenticity.

Defendants move to strike the list of pending client referrals, dated January 27, 2009 [Exh. H, Doc. 68-2, p. 4], on the ground that the content of the document is irrelevant and on the ground that Plaintiff wrote on the document destroying its authenticity and reliability.  The Court agrees that the pending NMDWS client referrals are not relevant to the issues in this litigation, *cf.* Fed. R. Evid. 401, and therefore grants Defendants' motion to strike the exhibit on this ground.  The Court also grants the motion to strike the referrals on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.  The Court declines to consider the additional authenticity objection raised by Defendants.

Defendants move to strike the memorandum regarding steps to be taken weekly in the VOSS system [Exh. H, Doc. 68-2, p. 5], on the ground that the content of the document is irrelevant and on the ground that Plaintiff wrote on the memorandum destroying its authenticity and reliability.  The Court agrees that the document does not appear to be relevant to the issues in this litigation, *cf.* Fed. R. Evid. 401, and therefore grants Defendants' motion to strike the

exhibit on this ground. The Court also grants the motion to strike the memorandum on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider the additional authenticity objection raised by Defendants.

Defendants move to strike the October 2008 calendar [Exh. J, Doc. 68-2, p. 11], on the ground that the content of the document is irrelevant and on the ground that Plaintiff wrote on the document destroying its authenticity and reliability. The Court agrees that the calendar with Plaintiff's co-workers names handwritten in blanks does not make a fact of consequence to this litigation more or less probable, *cf.* Fed. R. Evid. 401, and therefore grants Defendants' motion to strike the exhibit on the ground that it is not relevant to the issues pending in this case. The Court also grants the motion to strike on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider the additional authenticity objection raised by Defendants.

Defendants move to strike an e-mail from Defendant Ingram to Mr. Engelhard, dated November 10, 2008 [Exh. N, Doc. 68-2, p. 34], on the ground that the document is irrelevant and on the ground that Plaintiff wrote on the document destroying its authenticity and reliability. Plaintiff does not contest Defendants' motion to strike this e-mail and presents no argument identifying the relevancy of the document. The Court agrees the e-mail sent from Defendant Ingram to a NMDWS co-worker about phone problems between two employees other than Plaintiff appears irrelevant to the issues in this case. *Cf.* Fed. R. Evid. 401. The Court therefore grants Defendants' motion to strike the exhibit on this ground. The Court also grants the motion to strike the e-mail on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule

10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' additional objection regarding authenticity.

Defendants move to strike the e-mail regarding DWS negotiations of integrated services, dated March 19, 2008 [Exh. N, Doc. 68-2, p. 35], on the ground that the content of the e-mail is irrelevant and on the ground that Plaintiff wrote on the document destroying its authenticity and reliability. Plaintiff does not contest the motion to strike this document. The Court grants Defendants' motion to strike the exhibit on the ground that Plaintiff has not contested the motion to strike the exhibit or otherwise demonstrated the relevance of the document. *Cf.* Fed. R. Evid. 401. The Court also grants the motion to strike on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' additional objection regarding authenticity.

Defendants move to strike the Performance Appraisal and Development User's Manual [Exh. R, Doc. 68-3, pp. 1-51], on the ground that the document is irrelevant. The Court disagrees. A number of the pages in the User Manual tend to make a fact of consequence to this litigation—namely, whether Defendants' evaluation of Plaintiff and her subsequent dismissal were pretextual—more or less probable. *Cf.* Fed. R. Evid. 401. Some pages in the User Manual, however, are not relevant to the issues in this pending litigation, while others are relevant. The Court therefore grants Defendants' motion to strike the User Manual in part. Specifically, the Court strikes the portions of the User Manual found at pages 2, 3, 5, 6, 8, 9, 16-24, 30, 35-38, and 42-51 of Document 68-3. The Court also strikes these pages on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike the e-mails between Defendant Ingram and Plaintiff, dated November 26, 2008 [Exh. T, Doc. 68-3, pp. 64-68], on the ground that the e-mail exchange is irrelevant.  Plaintiff does not contest Defendants' motion to strike these e-mails.  The Court agrees that the e-mails regarding verification of Plaintiff's middle name, documentation that Plaintiff attended certain classes, and Plaintiff's efforts to assist a client are not relevant to the issues in this case.  *Cf.* Fed. R. Evid. 401.  The Court therefore grants Defendants' motion to strike the e-mails on this ground.  The Court also grants the motion to strike on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike the EEOC determination [Exh. T, Doc. 68-3, p. 69] that reasonable cause existed to believe that Plaintiff's previous employer, Assurance Home, fired Plaintiff in retaliation for her prior sexual harassment complaint, on the ground that the finding is not relevant to the question whether Defendants retaliated against Plaintiff.  Plaintiff does not contest Defendants' motion to strike this exhibit.  The Court agrees that the EEOC determination is not relevant to the issues in this case, *cf.* Fed. R. Evid. 401, and therefore grants Defendants' motion to strike the exhibit on this ground.  The Court also grants the motion on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike the letter from Ron Malone [Exh. T, Doc. 68-3, p. 70] regarding Mr. Malone's assessment of Plaintiff's competence as an employee at her former employer Assurance Home on the ground that the letter is not relevant to the issues in this case and on the ground that the letter contains inadmissible hearsay.  Plaintiff does not contest Defendants' motion to strike this exhibit.  The Court agrees that Plaintiff's performance at her

previous job is not relevant to the issues pending in this litigation. *Cf.* Fed. R. Evid. 401.

Therefore, the Court grants Defendants' motion to strike the letter on this ground. The Court

also grants the motion to strike the letter on the ground that Plaintiff's exhibits far exceed the 50-

page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider the

additional objections raised by Defendants.

Defendants move to strike the Notice of Claim Determination [Exh. T, Doc. 68-3, p. 71],

indicating that Plaintiff received unemployment compensation after her employment terminated

at NMDWS, on the ground that the notice is not relevant to the issues in the case. Plaintiff does

not contest Defendants' motion to strike this document. The Court agrees that the exhibit is not

relevant to the issues pending in this case, *cf.* Fed. R. Evid. 401, and therefore grants Defendants'

motion to strike the exhibit on this ground. The Court also grants the motion to strike the notice

on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.*

D.N.M.LR-Civ. 10.5.

> b.  Exhibits Struck Due to Failure to Authenticate and for Exceeding
> the Page Limit Set Forth in Local Rule 10.5

Defendants move to strike an application for the job of "Secretary," dated March 24,

2008 [Exh. C, Doc. 68-1, p. 9; Exh. D, Doc. 68-1, p. 12], on the ground that it lacks authenticity

and reliability because the handwritten portions of the application are redacted for no apparent

reason and it appears that Plaintiff wrote on the document. Plaintiff does not object to

Defendants' motion to strike the document. To be admissible and capable of authentication,

evidence must "support a finding that the matter in question is what its proponent claims." Fed.

R. Evid. 901(a). The Court agrees with Defendants that the unexplained redaction of the

employment application renders the document unreliable and not capable of authentication, *cf.*

*id.*, and therefore grants Defendants' motion to strike the application on this ground.  The Court

also grants the motion to strike the application on the ground that Plaintiff's exhibits exceed the

50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.  The Court declines to consider

Defendants' additional argument that Plaintiff's handwritten comments destroy the document's

authenticity.

Defendants move to strike the Memorandum to Becky, Magil, Nellie, and Lupe, dated

March 31, 2008 [Exh. D, Doc. 68-1, p. 10], commending the recipients of the memorandum for

their work, on the grounds that its author is unclear, the memorandum contains inadmissible

hearsay, its content is irrelevant because it predates Plaintiff's hiring and covers her employment

only as a volunteer, and Plaintiff wrote on the document destroying its authenticity and

reliability.  Plaintiff does not contest Defendants' motion to strike this exhibit.  The Court grants

Defendants' motion to strike the document on the ground that the author of the document is not

identified, and thus the document has not been authenticated.  *Cf.* Fed. R. Evid. 901(a); *id.*,

advisory comm. notes.  The Court also grants the motion to strike the document on the ground

that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.

The Court declines to consider Defendants' remaining arguments in favor of striking the exhibit.

Defendants move to strike the justification memorandum, dated March 17, 2008 [Exh. C,

Doc. 68-1, p. 8; Exh. D, Doc. 68-1, p.11], that Plaintiff claims was written by Defendant Ingram

to demonstrate the reasons why Plaintiff initially was hired as a secretary.  Defendants argue that

the document lacks authenticity because it has handwriting on it, there is no signature by

Defendant Ingram or other indication that he wrote the memorandum, and the document looks incomplete as if Plaintiff wrote it and hand drew blank lines for Defendant Ingram to fill in. Defendants also contend that the document should be stricken on the ground that it contains hearsay. Plaintiff does not contest Defendants' motion to strike this exhibit. The Court agrees with Defendants that the justification memorandum should be struck because it appears unreliable and cannot be authenticated. *Cf.* Fed. R. Evid. 901(a); *id.* Rule 1003. The Court also grants the motion to strike the memorandum on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' remaining argument that the document should be struck because it contains hearsay.

Defendants move to strike excerpts from a May calendar [Exh. F, Doc. 68-1, pp. 17-20] as well as two copies of a request for leave [Exh. F, Doc. 68-1, pp. 21-22]. Defendants argue that the calendar is inadmissible because it has no year and the writing on the calendar is not verified. The Court agrees that the calendar has not been authenticated because it does not have a date, and therefore grants the motion to strike the calendar excerpts. *Cf.* Fed. R. Evid. 901(a). With respect to the two copies of the same request for leave demonstrating that Plaintiff requested time off on May 15, Defendants argue that the year is unclear and looks as if it was changed from 2008 to 2009. In addition, Defendants argue that although Plaintiff handwrote a notation on the forms indicating that her leave request was denied, the forms themselves actually indicate that Plaintiff's request was approved, thus making the documents unreliable. The Court agrees that the date on both forms looks as if it has been altered and therefore grants Defendants' motion to strike the request for leave forms on the ground that the forms are unreliable and have

not been authenticated.  *Cf. id.*  The Court also grants the motion to strike the documents on the

ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ.

10.5.

Defendants move to strike the notes presumably written by Plaintiff [Exh. G, Doc. 68-1,

p. 56], on the ground that the author is not verified, on the ground that the date on the document

is October 2009—which was a timeframe during which Plaintiff no longer was working for

NMDWS—rendering the document unreliable, and on the ground that the document is

inadmissible hearsay.  Defendants also move to strike two modified version of these notes [Exh.

H, Doc. 68-2, p. 2; Exh. J, Doc 68-2, p. 13], on the same grounds, arguing that the fact that these

documents are modified and that all three documents differ from one another confirms their

unreliability.  The Court agrees that the documents are unreliable based upon the fact that

Plaintiff has attached three different handwritten versions of the document that are substantially

different from one another.  The Court therefore concludes that Plaintiff has not sufficiently

authenticated the documents, *cf.* Fed. R. Evid. 901(a); *id.* Rule 1003, and grants Defendants'

motion to strike the documents on this ground.  The Court also grants the motion to strike the

documents on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.

*Cf.* D.N.M.LR-Civ. 10.5.  The Court declines to consider Defendants' additional objections to

the exhibits.

Defendants move to strike the exhibit entitled "Integration, Double Standards and Other

Things that Don't Work," dated February 17, 2009 [Exh. H, Doc. 68-2, pp. 6-7], on the grounds

that there is no author identified on the document, Plaintiff wrote on the document after the fact

thereby making it unreliable, the document constitutes inadmissible hearsay, and the unsubstantiated allegations contained in the document are highly prejudicial and should be excluded. The Court grants Defendants' motion to strike the document on the ground that the author of the document is not identified, and thus the document has not been authenticated. *Cf.* Fed. R. Evid. 901(a); *id.*, advisory comm. notes. The Court also grants the motion to strike the document on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' additional arguments in favor of striking the exhibit.

Defendants move to strike the handwritten notes regarding Plaintiff, dated September 12, 2008 [Exh. J, Doc. 68-2, p. 18], on the grounds that no author is identified on the document, Plaintiff wrote on the document after the fact making it unreliable, and the document contains inadmissible hearsay. The Court grants Defendants' motion to strike the document on the ground that the author of the document is not identified and thus the document has not been authenticated. *Cf.* Fed. R. Evid. 901(a); *id.*, advisory comm. notes. The Court also grants the motion to strike the handwritten notes on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' additional arguments in favor of striking the document.

Defendants move to strike the e-mails and document regarding training for the VOSS System [Exh. L, Doc. 68-2, pp. 22-25], on the grounds that Plaintiff wrote on and appeared to tape or paste her comments to the hard copy of the e-mails thereby destroying their authenticity, the e-mails are inadmissible summary judgment evidence because they are not verified or sworn

to under oath by Plaintiff, and the contents of the documents are irrelevant. Plaintiff does not contest Defendants' motion to strike the exhibits. The Court agrees that a question exists with respect to the reliability of the documents because it appears the documents were altered and comments were pasted onto the document. *Cf.* Fed. R. Evid. 901(a); *id.* Rule 1003. The Court therefore grants Defendants' motion to strike the exhibits on this ground. The Court also grants the motion to strike on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' additional arguments that Plaintiff failed to verify the exhibits or that the exhibits are irrelevant.

Defendants move to strike a memorandum detailing the phone schedule as well as an agenda regarding how to improve customer service [Exh. N, Doc. 68-2, pp. 36-37], on the grounds that no author is identified or verified, the document contains inadmissible hearsay, and Plaintiff wrote on the second document (the agenda) thereby making it unreliable and inadmissible. Plaintiff does not contest the motion to strike these documents. The Court grants Defendants' motion to strike the documents on the ground that the author of the documents is not identified, and thus the documents have not been authenticated. *Cf.* Fed. R. Evid. 901(a); *id.*, advisory comm. notes. The Court also grants the motion to strike the memorandum and agenda on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court declines to consider Defendants' additional arguments in favor of striking the documents.

      c.     Exhibits Struck Due to Lack of Verification and For Exceeding the Page Limit Set Forth in Local Rule 10.5

Defendants move to strike Plaintiff's response to the VOSS report of resource room

entry, dated October 1, 2008 [Exh. G, Doc. 68-1, pp. 57-60], a document which Plaintiff

purportedly wrote, on the ground that the document is inadmissible summary judgment evidence

because it is not verified or sworn to under oath by Plaintiff that it is a true and correct duplicate

and that the allegations contained therein are true. Plaintiff does not contest Defendants' motion

to strike this document. Defendants likewise move to strike two additional excerpts from the

foregoing document, *see* Exh. H, Doc. 68-2, p. 3; Exh. J, Doc. 68-2, pp. 14-17, on the same

ground. As discussed herein, evidence in the form of a declaration or statement must be

subscribed to in proper form as true under penalty of perjury. *See* 28 U.S.C § 1746 (allowing a

written unsworn declaration, certificate, verification, or statement subscribed to in proper form as

true under penalty of perjury to substitute for an affidavit); *see also* Fed. R. Civ. P. 56(c),

advisory comm. notes. The Court agrees that the documents written by Plaintiff have not been

verified by Plaintiff to confirm that they are true and correct duplicates and that the allegations

contained therein are true. The Court therefore grants Defendants' motion to strike these

exhibits on this ground. *See* 28 U.S.C. §1746; Fed. R. Civ. P. 56(c), advisory comm. notes. The

Court also grants the motion to strike these documents on the independent ground that Plaintiff's

exhibits, which total 177 pages, far exceed the 50-page limit for exhibits in the Local Rules. *Cf.*

D.N.M.LR-Civ. 10.5.

Defendants move to strike the e-mail from Plaintiff to Defendant Beagles, dated March

30 2009 [Exhibit G, Doc. 68-1, p. 28], the e-mail from Plaintiff to herself, dated March 20, 2009

[Exh. G, Doc. 68-1, p. 32-33], the e-mail exchange among Plaintiff, Defendant Beagles, and

Alan Varela, dated February 12 & 16, 2009, and March 20, 2009 [Exh. G, Doc. 68-1, p. 34], the

e-mails between Plaintiff and Defendant Ingram from December 2008 [Exh. G, Doc. 68-1, p. 39], the e-mail exchange among Plaintiff, Defendant Beagles, and Defendant Ingram, dated January 30, 2009, February 2, 2009, and March 20, 2009 [Exh. G, Doc. 68-1, p. 40], the e-mails between Plaintiff and Defendant Ingram, dated November 21, 2008 [Exh. G, Doc. 68-1, p. 41], the e-mails between Defendant Ingram and Plaintiff, dated November 17, 2008 and November 21, 2008 [Exh. G, Doc. 68-1, pp. 42-43], the e-mail exchange among Plaintiff, Defendant Ingram, and Missy Pugh, dated March 12, 2009 [Exh. G, Doc. 68-1, p. 44], the e-mails between Plaintiff and Defendant Ingram, dated February 24, 2009 [Exh. G, Doc 68-1, p. 45], the e-mails between Plaintiff and Defendant Ingram, dated November 20, 2008 [Exh. G, Doc. 68-1, pp. 48-49], the e-mail exchange among Plaintiff, Defendant Ingram, and Grace, dated December 22, 2008 [Exh. G, Doc. 68-1, pp. 50-55], the e-mails between Defendant Ingram and Plaintiff, dated January 6, 2009, and February 13, 16, and 17, 2009 [Exh. I, Doc. 68-2, pp. 8-10], the e-mail from Plaintiff to herself and then forwarded to Pauline Fuentes, dated September 18, 2009 [Exh. J, Doc. 68-2, pp. 19-21], and the e-mails regarding requested time off, dated December 2008 and April 2009 [Exh. M, Doc. 68-2, pp. 26-30].  Defendants argue that the e-mails constitute inadmissible summary judgment evidence because they are not verified or sworn to under oath by Plaintiff that they are true and correct duplicates and that the allegations contained therein are true.  Plaintiff does not contest Defendants' motion to strike the e-mails in Exhibit G but objects to the motion to strike the remaining e-mails.  The Court agrees that Plaintiff has failed to verify the e-mails.  *Cf.* 28 U.S.C. §1746; Fed. R. Civ. P. 56(c), advisory comm. notes.  The Court therefore grants Defendants' motion to strike the e-mails on this ground.  The Court also grants

the motion to strike these exhibits on the independent ground that Plaintiff's exhibits, which total

177 pages, far exceed the 50-page limit for exhibits set forth in the Local Rules.6  *Cf.*

D.N.M.LR-Civ. 10.5.

> d.   Exhibits Defendants Move to Strike on the
> Grounds of Authenticity, Lack of Verification, and/or Lack of
> Relevancy

Defendants also move to strike the Job Description [Exh. C, Doc. 68-1, p. 7], which

details the requirements for the position "Secretary," on the ground that Plaintiff destroyed the

document's admissibility and reliability by writing self-serving comments on the description.

Moreover, Defendants maintain that someone other than Plaintiff appears to have written on the

document.  Defendants do not object to the exhibit on the grounds that Plaintiff's handwriting or

the document itself is unverified.  The Court declines to grant Defendants' motion to strike the

job description, because the Court concludes that the handwriting on the document does not raise

a genuine question about the authenticity of the document or make it otherwise unfair to admit

the duplicate.  *Cf.* Fed. R. Evid. 901(a), 1003.

Defendants object to Plaintiff's handwritten comments on the NMDWS's Position

Statement [Exh. E, Doc. 68-1, p. 13], on the ground that her statements are not verified and are

---

6 Because the Court grants Defendants' motion to strike on the foregoing two grounds, the Court declines to
consider Defendants' additional argument that Plaintiff's handwritten statements render the following e-mails
inauthentic and unreliable:  the e-mail exchange among Plaintiff, Defendant Beagles, and Alan Varela [Exh. G, Doc.
68-1, p. 34], the e-mail exchange among Plaintiff, Defendant Beagles, and Defendant Ingram [Exh. G, Doc. 68-1, p.
40], the e-mails between Defendant Ingram and Plaintiff dated November 17 and 21, 2008 [Exh. G, Doc. 68-1, p.
42-43], the e-mail exchange among Plaintiff, Defendant Ingram, and Missy Pugh [Exh. G, Doc. 68-1, p. 44], the e-
mails between Plaintiff and Defendant Ingram, dated February 24, 2009 [Exh. G, Doc 68-1, p. 45], the e-mails
between Plaintiff and Defendant Ingram, dated November 20, 2008 [Exh. G, Doc. 68-1, pp. 48-49], the e-mail
exchange among Plaintiff, Defendant Ingram, and Grace [Exh. G, Doc. 68-1, pp. 50-55, the e-mails between
Defendant Ingram and Plaintiff, dated January 6, 2009, and February 13, 16, and 17, 2009 [Exh. I, Doc. 68-2, pp. 8-
10], and the e-mails regarding requested time off [Exh. M, Doc. 68-2, pp. 26-30].

merely conclusory allegations without any support. The Court agrees that the statements are not verified or supported by any factual allegations, *cf.* 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c)(4), and therefore strikes Plaintiff's handwritten comments, but not the Position Statement itself. The Court also grants the motion to strike the exhibit on the independent ground that Plaintiff's exhibits, which total 177 pages, far exceed the 50-page limit for exhibits set forth in the Local Rules. *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike a Payable Time Detail Sheet [Exh. F, Doc. 68-1, p. 23], a facsimile cover sheet, dated May 27, 2009 [Exh. F, Doc. 68-1, p. 24], and e-mails regarding time off [Exh. F, Doc. 68-1, p. 25], which Plaintiff submits to show that she was denied time off. Defendants argue that these exhibits should be stricken on the ground that they have unverified writing on them and are unreliable and inauthentic. The Court concludes that Plaintiff's handwriting on the documents does not obscure the printed material or otherwise render the documents unreliable. *Cf.* Fed. R. Evid. 901(a), 1003. Because Plaintiff's handwritten comments are not verified, however, the Court strikes the handwritten comments, but not the documents themselves. *Cf.* 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c), advisory comm. notes. The Court also grants the motion to strike the exhibits on the independent ground that Plaintiff's exhibits, which total 177 pages, far exceed the 50-page limit for exhibits set forth in the Local Rules. *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike the diagram of New Mexico Workforce Connection in Roswell, New Mexico [Exh. G, Doc. 68-1, p. 30], on the ground that Plaintiff's writing on the

document destroys its authenticity.  Defendants also maintain that Plaintiff seeks to use the document to show that Defendant Ingram always traveled through her office to get to his, but that the document is irrelevant because there is no evidence to corroborate which of the three methods of access shown on the diagram Defendant Ingram used.  The Court, however, is not persuaded by Defendants' relevancy argument, for one of Plaintiff's claims in this case is that Defendant Ingram harassed Plaintiff and followed at work.  The Court likewise is not persuaded that Plaintiff's handwriting on the document, which does not obscure any of the original printed material, destroys the document's reliability.  Thus, the Court denies the motion to strike the exhibit.

Defendants move to strike Plaintiff's handwritten notes on the e-mail from Alan Varela to Plaintiff, dated April 6, 2009 [Exh. G, Doc. 68-1, p. 31], instructing Plaintiff not to meet Defendant Ingram in his office or other private area unless another person is present.  Defendants move to strike the exhibit on the ground that Plaintiff's handwritten additions indicating that Defendant Ingram continued to follow her and keep her in his office after 5:00 p.m. are unreliable because Plaintiff provides no verification of the dates the events occurred and whether they occurred after April 6, 2009.  Defendants do not object to the document on the ground that Plaintiff's handwritten comments are not verified.  The Court declines to grant Defendants' motion to strike on the ground that Plaintiff's comments are unreliable because she does not specify the dates on which the events occurred.  This failure is insufficient to support a finding that the document in question is not what Plaintiff purports it to be.  *Cf.* Fed. R. Evid. 901(a).

Defendants move to strike the exhibit entitled "Primary Job Assignments" [Exh. O, Doc.

68-2, p. 38], and the memorandum on creating and using VOSS templates [Exh. O, Doc. 68-2, p. 42], on the ground that Plaintiff wrote on the documents destroying their authenticity and reliability and her handwritten statements are not verified.  The Court concludes that Plaintiff wrote on only blank portions of the documents, and therefore that her handwriting does not render the documents unreliable.  *Cf.* Fed. R. Evid. 901(a), 1003.  The Court, however, agrees that Plaintiff has not verified her handwritten comments.  *Cf.* 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c), advisory comm. notes.  The Court therefore grants Defendants' motion to strike the handwritten comments on the exhibits but not the documents themselves.

e.       Remaining Letters Defendants Move to Strike

Defendants move to strike the letter from Joe Sandoval to Jeff Stuhlmann, dated May 13, 2010 [Exh. A, Doc. 68-1, pp. 1-2], on the ground that the letter is irrelevant to the issues in the lawsuit and on the ground that the letter constitutes inadmissible hearsay.  Defendants do not object to the letter on the ground that Mr. Sandoval has not verified that the statements contained in the letter are truthful.  With respect to their relevancy objection, Defendants argue that Mr. Sandoval was Plaintiff's prior employer at the NMDWS's New Mexico Aging Long Term Program until he retired in August 2008, and as such, that he has no personal knowledge of Plaintiff's allegations in the case at bar.  The Court disagrees.  The evidence indicates that Plaintiff was hired as a full-time employee on July 14, 2008, and was terminated on June 1, 2009, and that Mr. Sandoval retired in August 2008.  Although Defendants maintain that Mr. Sandoval was Plaintiff's prior employer through the New Mexico Aging Long Term Program, the letter written by Mr. Sandoval indicates that he was the Area Director for the NMDWS office

in Roswell, and that he had the opportunity to work with and train Plaintiff, who, Mr. Sandoval explains, was "hired as a clerk through the NM Aging Long Term program" but was "allowed to work with the NM Work Force Solutions Office." *See* Exh. A, Doc. 68-1, p. 1. Mr. Sandoval opines that Plaintiff "worked very well with all the staff," that she "never complained," and that she "quickly learned the standard operating procedures for her position." *See id.* The Court concludes that the time frame during which Plaintiff was hired and Mr. Sandoval worked as the Area Director for the Roswell office of the NMDWFS overlapped and that Mr. Sandoval's opinion regarding Plaintiff's ability to work well with others and learn the procedures for her position constitutes evidence that has a tendency to make a fact of consequence to the determination of this action—namely, Plaintiff's abilities as an employee—more or less probable than it would in the absence of the evidence. *Cf.* Fed. R. Evid. 401.

With respect to Defendants' hearsay argument, the Court likewise denies Defendants' motion. At the summary judgment stage, Plaintiff need not submit evidence in a form admissible at trial, provided the content or the substance of the evidence would be admissible. *See Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1122 (10th Cir. 2005). The Court has reviewed Mr. Sandoval's letter, and it contains only Mr. Sandoval's opinions regarding Plaintiff's performance as an employee. The content of the letter thus would be admissible at trial if it were in the form of Mr. Sandoval's testimony.

Defendants move to strike the letter from Frank Ramirez to Jeff Stuhlmann, dated May 12, 2010 [Exh. G, Doc. 68-1, p. 29], on the ground that the letter contains inadmissible hearsay for which there is no exception, on the ground that the letter is irrelevant to the lawsuit, and on

the ground that the letter contains no oath or affirmation that the statements are truthful. Upon review of the letter the Court concludes that its content does not contain hearsay but rather Mr. Ramirez's opinions and observations regarding Plaintiff's abilities as an employee and regarding Defendant Ingram's behavior towards Plaintiff. If he were to testify at trial, Mr. Ramirez's opinions and observations would be admissible and would not constitute hearsay. *Cf. id.* Moreover, Mr. Ramirez's opinions and observations are relevant to the subject matter in this litigation, because the evidence tends to make a fact of consequence—*i.e.*, Plaintiff's ability as an employee as well as Defendant Ingram's treatment of Plaintiff—more or less probable. *Cf.* Fed. R. Evid. 401. Defendants, however, also object to the letter on the ground that there is no oath or affirmation of Mr. Ramirez that his statements in the letter are truthful. *Cf.* 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c), advisory comm. notes. Because Plaintiff has failed to produce a verification of Mr. Ramirez, the Court grants Defendants' motion to strike the letter. The Court also grants the motion to strike the letter on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5.

Defendants move to strike the letter from Sylvia Garcia, dated May 18, 2009 [Exh. G, Doc. 68-1, p. 37], on the ground that it contains inadmissible hearsay for which there is no exception, on the ground that it contains information irrelevant to the lawsuit because its contents do not provide any evidence of discrimination, and on the ground that it contains no oath or affirmation that the statements are truthful. The Court agrees that the content of the letter contains primarily inadmissible hearsay. *Cf. Bryant*, 432 F.3d at 1122. Indeed, the only non-hearsay the letter contains is the fact that Ms. Garcia was working late one night and the fact that

she looked up and saw both Defendant Ingram and Plaintiff in the hallway.  The Court therefore strikes the entire content of the letter with the exception of Ms. Garcia's statement that she was working late and saw Plaintiff and Defendant Ingram in the hallway.  The Court concludes that this information is relevant to the issues in this litigation because it tends to make a fact of consequence—namely, Defendant Ingram's behavior towards Plaintiff—more or less probable.  *Cf.* Fed. R. Evid. 401.  Defendants, however, also object to the letter on the ground that there is no oath or affirmation of Ms. Garcia that her statements in the letter are truthful.  *Cf. id.* Rule 603.  Because Plaintiff has failed to produce a verification of Ms. Garcia, the Court grants Defendants' motion to strike the letter.  The Court also grants the motion to strike the letter on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.* D.N.M.LR-Civ. 10.5.

Defendants also move to strike the letter from Delia Bailey [Exh. G, Doc. 68-1, p. 38], on the ground that it contains inadmissible hearsay, on the ground that Plaintiff failed to disclose Ms. Baily as a witness, and on the ground that the letter contains no oath or affirmation that the statements are truthful.  The Court concludes that the content of the letter does not contain hearsay but rather Ms. Bailey's opinion regarding Plaintiff's abilities as an employee and her observations about the problems Plaintiff had with Defendant Ingram.  The content of this evidence would be admissible at trial if Ms. Bailey were to testify.  *Cf. Bryant*, 432 F.3d at 1122.  Moreover, the evidence is relevant to the issues pending in this litigation, because it tends to make a fact of consequence—*i.e.*, Plaintiff's qualifications as an employee as well as Defendant Ingram's treatment of Plaintiff—more or less probable.  *Cf.* Fed. R. Evid. 401.  Defendants also

object to Ms. Bailey's letter on the ground that Plaintiff failed formally to disclose Ms. Bailey as

a witness or individual with knowledge.  As discussed in Section I.B, *supra*, however, the Court

rejects the argument that Defendants were prejudiced by Plaintiff's failure formally to disclose

Ms. Bailey's status as a potential witness because Defendants received actual, if not formal,

notice of Ms. Bailey's identity in advance of the close of discovery.  In addition, Defendants also

object to the letter on the ground that there is no oath or affirmation of Ms. Bailey that her

statements are truthful.  *Cf.* 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c), advisory comm. notes.  The

Court agrees that Plaintiff has failed to produce a verification of Ms. Bailey, and therefore grants

Defendants' motion to strike the letter on this ground.  The Court also grants the motion to strike

the letter on the ground that Plaintiff's exhibits exceed the 50-page limit in Local Rule 10.5.  *Cf.*

D.N.M.LR-Civ. 10.5.

f.     Affidavit Defendants Move to Strike

Defendants move to strike Exhibit A, the affidavit of Delia Bailey, to Plaintiff's

Supplemental Response [Doc. 71], on the ground that the affidavit was untimely filed, the

affidavit contains hearsay, and the affidavit is prejudicial because Plaintiff failed to disclose Ms.

Bailey as a witness or individual with knowledge.  With respect to Defendants' first argument,

the Court already has denied Defendants' motion to strike the Supplemental Response and

affidavit of Ms. Bailey on the ground that it was ultimately filed.  *See supra* § V.A.  With respect

to Defendants' second argument, the Court has reviewed the Bailey affidavit and concludes that

the content of the affidavit does not contain hearsay, but rather Ms. Bailey's observations

regarding Defendant Ingram's conduct.  *Cf. Bryant*, 432 F.3d at 1122 (at the summary judgment

45

stage, the parties need not submit evidence in a form admissible at trial; however, the content or

the substance of the evidence must be admissible).  With respect to Defendants' third argument,

the Court already has rejected the contention that Defendants were prejudiced by Plaintiff's

failure formally to disclose Ms. Bailey as a witness, because the Court concluded that

Defendants received actual, if not formal, notice of Ms. Bailey's identity in advance of the close

of discovery.  *See supra* § I.B.  The Court, having rejected all three of Defendants' arguments,

denies the motion to strike the Bailey affidavit.

g. Staff Activity Summaries Defendants Move to Strike

Defendants move to strike the staff activity summaries [Exh. T, Doc. 68-3, pp. 52-63] on

the grounds that Plaintiff wrote on the summaries destroying their authenticity and reliability, the

summaries are not verified, and the summaries contain inadmissible hearsay.  The Court declines

to grant Defendants' motion to strike these documents on the ground that Plaintiff's handwriting

destroys their authenticity.  Plaintiff's handwriting does not obscure the data on the staff activity

summaries themselves but rather is confined to the blank portions of the documents.  Thus, the

Court concludes that the handwriting does not raise a question about the authenticity of the

exhibits.  *Cf.* Fed. R. Evid. 901(a) ("evidence [must be] sufficient to support a finding that the

matter in question is what its proponent claims'); *id.* Rule 1003 ("[a] duplicate is admissible to

the same extent as the original unless a genuine question is raised about the original's

authenticity or the circumstances making it unfair to admit the duplicate").  The Court, however,

strikes Plaintiff's handwriting on the staff activity summaries (but not the documents themselves)

because that handwriting has not been verified.  *Cf.* 28 U.S.C. § 1746; Fed. R. Civ. P. 56(c),

46

advisory comm. notes.

The Court likewise declines to grant Defendants' motion to strike the staff activity summaries on the ground that the summaries themselves are not verified. Even if no authenticating affidavit or declaration is attached, the Tenth Circuit has held that a plaintiff's summary judgment exhibit may be sufficiently authenticated taking into consideration the "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." *See Law Co. v. Mohawk Constr. & Supply Co.*, 577 F.3d 1164, 1170 (10th Cir. 2009) (citing Fed. R. Evid. 901(b)(4)). Moreover, courts have concluded that an unauthenticated plaintiff's exhibit can be considered for summary judgment purposes if it appears likely the document's proponent could authenticate the document in short order at trial. *See Barnes v. United States*, No. 04-3445, 2005 WL 1525268, at *4 (10th Cir. June 29, 2005) (finding no abuse of discretion where district court considered pro se litigant's documents that were not, but could likely be, properly authenticated prior to trial, and explaining that district court's "forbearance" was appropriate in light of the court's obligation to "insure that pro se litigants are provided with proper notice regarding the complex procedural issues involved in summary judgment proceedings"); *Weinbaum v. Las Cruces Pub. Schs.*, 465 F. Supp. 2d 1116, 1130 n.16 (D.N.M. 2006) (district court can consider an unauthenticated plaintiff's exhibit for summary judgment purposes if the plaintiff "could likely authenticate the letter in short order" at trial) (citation omitted).

The Court concludes that the appearance of the staff activity summaries—namely, the fact that the documents themselves indicate that they are Master Staff Services Reports from

Defendants' internal system—establishes their authenticity. *Cf. Mohawk*, 577 F.3d at 1170; Fed. R. Evid. 901(b)(4). Moreover, the Court concludes that Plaintiff likely would be able to authenticate the case summaries in short order prior to or at trial. *Cf. Barnes*, 2005 WL 1525268, at *4; *Weinbaum*, 465 F. Supp. at 1130 n.16. Thus, the Court declines to grant Defendants' motion to strike the summaries on the ground that they have not been authenticated.

The Court also declines to grant Defendants' motion to strike on the ground that the activity summaries contain hearsay. Although data entered into a computer may constitute a statement by an out-of-court declarant (*i.e.*, the person who entered the data into the system), the Court concludes that at trial Plaintiff in short order could demonstrate that the business record exception to the hearsay rule applies. *See* Fed. R. Evid. 803(6). Furthermore, the Tenth Circuit has determined that a district court may consider hearsay evidence on summary judgment even if it is not in a form that would be admissible at trial, provided that the content would be admissible at trial. *See Bryant*, 432 F.3d at 1122. Although the business record exception requires a proponent of the record to have a custodian attest to certain foundational requirements or to otherwise provide the opposing party with a certification that the record meets the foundational requirements, the Court concludes that Plaintiff in short order could obtain the necessary testimony or certification at trial. Cf. Weinbaum, 465 F. Supp. at 1130 n.16; *Barnes*, 2005 WL 1525268, at *4.

For the foregoing reasons, the Court rejects Defendants' arguments that the staff activity summaries are inadmissible. The Court therefore denies Defendants' motion to strike the case summaries in their entirety. The Court notes, however, that Plaintiff's exhibits—even after

granting Defendants' motion to strike a significant portion of Plaintiff's individual exhibits—still

exceed the 50-page limit set forth in Local Rule 10.5. *Cf.* D.N.M.LR-Civ. 10.5. The Court

therefore grants Defendants' motion to strike the case summaries found at pages 52-56 and 58-60

of Document 68-3. The Court strikes only these summaries because they do not appear to be

relevant to the claims in this case. Plaintiff attaches the summaries to show that Plaintiff's

performance exceeded that of her co-workers during the time frame in which she was evaluated.

The summaries struck by the Court, however, concern a time frame prior to or after the period

during which Plaintiff was evaluated and therefore do not make a fact of consequence to this

case more or less probable. *Cf.* Fed. R. Evid. 401.

VI.     Defendants' Motion to Dismiss  [Doc. 100]

        Defendants move the Court for an order dismissing the complaint in its entirety pursuant

to Federal Rule of Civil Procedure 16(g) on the ground that Plaintiff repeatedly has violated the

Court's orders, the Local Rules of Civil Procedure, and the Federal Rules of Civil Procedure.

Defendants contend that Plaintiff's violations have resulted in prejudice to them.

        A.      Standard

        Federal Rule of Civil Procedure 16(f) provides, "On motion or on its own, the court may

issue any just orders, including [dismissing the action or proceeding in whole or in part], if a

party or its attorney[] . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P.

16(f); *see id.* Rule 37(b)(2)(A)(v). The Tenth Circuit has cautioned that "dismissal represents an

extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965

F.2d 916, 920 (10th Cir. 1992) (citations omitted). "'Because dismissal with prejudice 'defeats

49

altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Id.* (quoting *Meade,* 841 F.2d at 1520 n. 6). "[I]n cases in which a party appears pro se, the [district] court should carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not unknowingly lose its right of access to the courts because of a technical violation." *Id.* (citation omitted). Available lesser sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," "striking pleadings in whole or in part," "staying further proceedings until the order is obeyed," and "treating as contempt of court the failure to obey an[] order." Fed. R. Civ. P. 37(b)(2)(ii)-(iv), (vii); *see also id.* Rule 16(f).

The Tenth Circuit has set forth the following factors to consider before awarding the sanction of dismissal:  (1) the degree of actual prejudice to the defendant; (2) the amount of interference with judicial process; (3) the culpability of the litigant; (4) the efficacy of lesser sanctions; and (5) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance. *See Ehrenhaus,* 965 F.2d at 921. "'Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Id.* (quoting *Meade,* 841 F.2d at 1521 n. 7). The factors do not constitute a rigid test but rather constitute criteria for the district court to consider prior to imposing dismissal as a sanction. *See id.*

B.      *Analysis*

*The Court will address each of the Ehrenhaus* factors in turn.  With respect to the first

factor, the degree of actual prejudice, Defendants argue that they have been "prejudiced in the preparation for [t]rial." *See* Mot. to Dismiss, p. 6. Defendants point out that the most egregious impediment to their trial preparation has resulted from Plaintiff's failure to disclose witnesses and identify documents. *See id.* at 4. The Court, however, already has determined that Defendants were not prejudiced by Plaintiff's failure formally to disclose Delia Bailey as a witness by the discovery deadline, because Plaintiff put Defendants on actual notice of Ms. Bailey's status as a potential witness in advance of the discovery deadline and in advance of Defendants' filing of their motion for summary judgment. *See supra* § I.B.

Defendants also argue that they were prejudiced as a result of Plaintiff's failure adequately to identify exhibits. Defendants contend that Plaintiff's only response to interrogatories and requests for production regarding exhibits has been "everything I have produced to you." Mot. to Dismiss at 4-5. Defendants argue that Plaintiff has not put Defendants on notice as to what documents she intends to use at trial, because she has produced "volumes of extraneous documents highlighted and written upon," with "some of the documents . . . incomplete," and with "no labeling or separation of the documents." *Id.* at 5. Defendants also claim that they have been prejudiced because Plaintiff's improper filings without leave of Court "have greatly increased the costs of defending this action." *Id.* at 7. Admittedly, the filing of voluminous documents, many of which are not relevant, labeled, and/or complete, makes the practice of litigation more difficult and costly. It does not, however, substantively prejudice Defendants. The Court does not believe that the type of prejudice identified by Defendants is sufficient at this stage to warrant the dismissal of Plaintiff's entire action. The Court's

assessment is consistent with the Tenth Circuit's warning that dismissal is an extreme sanction of last resort appropriate only in cases of willful misconduct. *See Ehrenhaus*, 965 F.2d at 920. To date, the Court does not believe Plaintiff's violations of this Court's rules and orders has been willful. Thus, the Court concludes that the prejudice factor weighs against the sanction of dismissal.

With regard to the second factor, the amount of interference with the judicial process, Defendants argue that Plaintiff's voluminous filings of sur-replies and supplemental responses to sur-replies has clogged the Court's docket, and that Plaintiff's improper filings have compelled Defendants to file multiple motions to strike, which further has contributed to filling the Court's docket. *See* Mot. to Dismiss at 6. Defendants correctly point out that Plaintiff's failure at the outset to comply with the Local and Federal Rules of Civil Procedure has resulted in a multitude of improper filings that have unnecessarily wasted judicial resources.

Plaintiff, regardless of her pro se status, is charged with following the same rules of procedure that govern other litigants. *See Shrader v. Biddinger*, 633 F.3d 1235, 1249 n. 9 (10th Cir. 2011); *see also Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 549 (10th Cir. 2000) ("[a]lthough pro se litigants get the benefit of more generous treatment in some respects, they must nonetheless follow the same rules of procedure that govern other litigants") (citation omitted). The Court notes, however, that it already has struck a number of Plaintiff's improper filings, including all of Plaintiff's amended responses and sur-replies filed without leave of court (the only document the Court has not struck was Plaintiff's Supplemental Response and attached exhibit, because Plaintiff filed that document prior to Defendants' reply brief and the Court

perceived no prejudice to Defendants as a result of the untimeliness). Striking a pleading constitutes a form of sanction pursuant to Federal Rule 16(g). *See* Fed. R. Civ. P. 16(g); *id.* Rule 37(b)(2)(iii). Awarding a lesser sanction such as striking a pleading is consistent with the Tenth Circuit's admonition that the Court "carefully assess whether it might appropriately impose some sanction other than dismissal, so that the party does not knowingly lose its right of access to the courts because of a technical violation." *Ehrenhaus*, 965 F.2d at 920.

The Court declines to find that Plaintiff's interference with the judicial process at this stage merits the dismissal of Plaintiff's case. The Court, however, specifically warns Plaintiff that she is required to comply with this Court's rules and orders, that the Court may in its discretion choose to sanction Plaintiff for her failure to comply, and that in the future this sanction may include dismissing Plaintiff's action in whole or part. *Cf.* Fed. R. Civ. P. 16(g); *id.* Rule 37(b)(2)(v).

With regard to the third factor, the culpability of the litigant, Plaintiff argues that her violations of the rules are not intentional and that she would like an attorney but cannot afford one. The Court agrees that Plaintiff's violations of this Court's rules to date do not appear willful, and therefore concludes that this factor weighs against dismissal as a sanction. The Court notes, however, that it has warned Plaintiff herein that she is charged with complying with all rules and orders of this Court and that dismissal of her action could be a likely sanction for her noncompliance. Thus, if Plaintiff continues to violate this Court's rules, particularly those rules discussed in this Memorandum Opinion and Order, the Court may be more likely to construe Plaintiff's continued noncompliance as willful.

With regard to the fourth factor, the efficacy of lesser sanctions, Defendants argue that "the only adequate remedy for Plaintiff's failure to meaningfully and properly participate in the litigation [is] dismissal." Mot. to Dismiss at 6. The Court disagrees. To date, no lesser sanction has been awarded in attempt to deter Plaintiff from continuing to violate this Court's rules and orders. The Tenth Circuit has cautioned that the sanction of dismissal is a weapon of last resort, and that in the court should carefully assess whether a lesser sanction would suffice. *See Ehrenhaus*, 965 F.2d at 920. Consistent with this instruction, the Court concludes that the efficacy of a lesser sanction has not been tested and might be sufficient to deter Plaintiff from continuing to violate the Court's rules and orders. This factor, therefore, weighs against a sanction of dismissal.

With regard to the fifth factor, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, Defendants maintain that Plaintiff was warned numerous times including but not limited to the warning in the Minute Scheduling Order by the Honorable Stephen Vidmar that Plaintiff should obtain an attorney, that she was going to be required to follow the Rules of Civil Procedure, that she should file her initial disclosures, and that failure to file her initial disclosures could result in dismissal. *See* Mot. to Dismiss at 6. Admittedly, this factor weighs in favor of dismissal.

Our Tenth Circuit has explained, however, that "'[o]nly when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction.'" *Ehrenhaus*, 965 F.2d at 920 (quoting *Meade*, 841 F.2d at 1521 n. 7). Although two of the five factors lean in favor of dismissal (namely, Plaintiff's interference with

the judicial system and the previous warning by the magistrate judge), the aggravating factors do not outweigh the favored judicial policy of resolving cases on their merits. *Cf. id.* Because on balance the factors do not weigh in favor of granting the sanction of dismissal, the Court denies Defendants' Motion to Dismiss Plaintiff's action pursuant to Federal Rule 16(g).

## CONCLUSION

**IT IS THEREFORE HEREBY ORDERED** that Defendants' Motion to Strike Plaintiff's Amended Witness List [Doc. 72] is not well taken and will be **DENIED**, that Plaintiff's Motion for Extension of Time [Doc. 79] is not well taken and will be **DENIED**, that Defendants' Motion to Strike Summary Judgment Sur-Reply [Doc. 85] is well taken and will be **GRANTED**, that Plaintiff's Motion to Submit Conforming Document [Doc. 86] is not well taken and will be **DENIED**, that Plaintiff's Motion for Leave to File Sur Reply to Motion to Strike Documents 90, 92, and 93 [Doc. 101] is not well taken and will be **DENIED**, that Defendants' Motion to Strike Documents 90, 92, and 93 [Doc. 95] is well taken and will be **GRANTED**, that Defendants' Motion to Strike [Doc. 77] is well taken in part and will be **GRANTED IN PART**, and that Defendants' Motion to Dismiss [Doc. 100] is not well taken and will be **DENIED**.

**IT FURTHER IS ORDERED** that Plaintiff shall have ten (10) days from the date of the filing of this Memorandum Opinion to verify Document 68, which is entitled "Plaintiff's Response for Summary Judgment on All of Plaintiff's Claims and Memorandum of Law in Support Therefore." If Plaintiff chooses to verify that the allegations set forth in Document 68 are true and correct under penalty of perjury, thus rendering Plaintiff's allegations in Document

68 admissible for purposes of deciding Defendants' pending Motion for Summary Judgment,

Plaintiff shall file a verification with the Court.  Specifically, Plaintiff under penalty of perjury

may verify her statements in Document 68 using language akin to that set forth in 28 U.S.C.

Section 1746, *see supra* note 4:

**VERIFICATION**

> **I declare under penalty of perjury that the statements in Plaintiff's
> Response for Summary Judgment on All of Plaintiff's Claims and
> Memorandum of Law in Support Therefore [Doc. 68] are true and
> correct.**
>
> **Date:**          _____
>
> **Signature:**          _____

SO ORDERED this 19th day of March, 2013.

                                M. CHRISTINA ARMIJO
                                Chief United States District Judge